IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
May 2, 2001 Session

## STATE OF TENNESSEE v. CLIFFORD PEELE

**Appeal by Permission from the Court of Criminal Appeals**
**Circuit Court for Carter County**
**No. 8027    Arden L. Hill, Judge**

---

### No. E1999-00907-SC-R11-CD - Filed October 16, 2001

---

We granted appeal to determine (1) if Tenn. R. App. P. 3(b) permits the appeal of a denial of a motion to withdraw a guilty plea; and (2) whether a Tenn. R. Crim. P. 32(f) motion to set aside a guilty plea filed prior to the time the judgment becomes final tolls the time for filing an appeal to permit the trial court to rule on the motion. We hold (1) that a denial of a motion to set aside a guilty plea may be appealed pursuant to Tenn. R. App. P. 3(b); and (2) that a trial court retains jurisdiction to rule on a motion to set aside a guilty plea if the motion is filed prior to the date the judgment becomes final. Accordingly, the holding of the Court of Criminal Appeals is reversed, and the case is remanded to the intermediate appellate court for proceedings consistent with this opinion.

**Tenn. R. App. P. 11 Appeal by Permission;**
**Judgment of the Court of Criminal Appeals Reversed.**

JANICE M. HOLDER, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, CJ, and E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., and WILLIAM M. BARKER, JJ, joined.

Kenneth F. Irvine, Jr., Knoxville, Tennessee, for the appellant, Clifford Peele.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Elizabeth B. Marney, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS AND PROCEDURAL HISTORY

Clifford Peele (Peele) pled guilty on December 6, 1982, to first degree murder, burglary, grand larceny, and larceny. Approximately seven years later, on February 22, 1990, Peele filed a motion to withdraw his guilty plea to the first degree murder charge because he had not been

sentenced for the crime.[1]  On April 30, 1990, the trial court denied his motion to set aside the guilty plea and sentenced him to life imprisonment.  The judgment was filed on May 22, 1990.  No appeal was taken from the judgment.

On June 21, 1990, Peele filed a second motion to withdraw his guilty plea based on alleged ineffective assistance of counsel.  The trial court concluded that Peele had timely filed his motion under Tenn. R. Crim. P. 32(f).  An order entered by the trial court on May 19, 1999, denied Peele's second motion to withdraw his guilty plea.[2]  The Court of Criminal Appeals dismissed the appeal on June 20, 2000, on the grounds that Tenn. R. App. P. 3(b) does not allow an appeal of right from a denial of a motion to withdraw a guilty plea.  The court also held that the trial court was without jurisdiction to rule on the motion after the judgment became final on June 21, 1990.  Thereafter, Peele appealed the decision to this Court.

## ANALYSIS

### I.  TENNESSEE RULE OF APPELLATE PROCEDURE 3(b)

On June 20, 2000, the Court of Criminal Appeals ruled that the trial court's denial of a motion to withdraw a guilty plea was not subject to appeal under Tenn. R. App. P. 3(b).  In State v. Wilson, decided on September 18, 2000, we stated that "[a] direct appeal then lies from a denial of a Rule 32(f) motion."  31 S.W.3d 189, 195 n.14 (Tenn. 2000) (citing State v. Newsome, 778 S.W.2d 34 (Tenn. 1989)).  Accordingly, Peele properly appealed the denial of the motion to set aside his guilty plea.

### II.  THE JURISDICTION OF THE TRIAL COURT

At issue in this case is the continued jurisdiction of the trial court to rule on Peele's motion to withdraw his guilty plea.  Resolution of this issue requires an analysis of the interplay between Tenn. R. Crim. P. 32(f) and Tenn. R. App. P. 4(c).  With that interplay in mind, we turn first to an analysis of Tenn. R. Crim. P. 32(f).

Rule 32(f) of the Tennessee Rules of Criminal Procedure allows a defendant who pleads guilty to file a motion to withdraw that plea.  Rule 32(f) provides that

---

[1] Upon entering his guilty plea, Peele was sentenced for the burglary, grand larceny, and larceny.  The sentencing for the first degree murder conviction was postponed until Peele testified against his co-defendants.  The extensive time period between Peele's guilty plea and sentencing is attributable to the time necessary to conclude his multiple co-defendants' trials and to conduct mental evaluations requested by Peele.

[2] A period of approximately nine years elapsed from the filing of the second motion to withdraw the guilty plea to the time the order denying the motion was entered.  The trial court's delay in ruling on the motion appears to have been caused by several motions filed by Peele for substitution of counsel and for continuances.

[a] motion to withdraw a guilty plea may be made upon a showing by the defendant of any fair and just reason only before sentence is imposed; *but to correct manifest injustice, the court after sentence, but before the judgment becomes final, may set aside the judgment of conviction and permit the defendant to withdraw the plea.*

Tenn. R. Crim. P. 32(f) (2000) (emphasis added).[3] A trial court's judgment as a general rule becomes final thirty days after its entry unless a timely notice of appeal or specified post-trial motion is filed. State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996). After the trial court loses jurisdiction, generally it retains no power to amend a judgment. Id. (citing State v. Moore, 814 S.W.2d 381, 382 (Tenn. Crim. App. 1991)). Judgments made outside the court's jurisdiction are void. Id. (citing Brown v. Brown, 281 S.W.2d 492, 497 (Tenn. 1955)).

The State maintains that the trial court's judgment became final thirty days after its entry, despite Peele's Rule 32(f) motion filed on the thirtieth day. The State, therefore, argues that the trial court lost jurisdiction to rule on Peele's Rule 32(f) motion because the court did not rule on the motion before the judgment became final.

When construing statutes, the mention of one subject in a statute excludes other subjects that are not mentioned. State v. Brewer, 989 S.W.2d 349, 355 n.4 (Tenn. Crim. App. 1997) (citing State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991)). Statutory segments, however, should be "construed together in light of the general purpose and plan . . . and object to be obtained." Id. (quoting Neff v. Cherokee Ins. Co., 704 S.W.2d 1, 3 (Tenn. 1986)). Furthermore, statutes should be construed "so that no part will be inoperative, superfluous, void or insignificant . . . and to give effect to every word, phrase, clause and sentence of the act in order to carry out the legislative intent." Id. (quoting Tidwell v. Collins, 522 S.W.2d 674, 676-77 (Tenn. 1975)). Such statutory construction is applicable in construing rules governing practice and procedure of the court. See, e.g, id. (applying statutory construction to interpret Tenn. R. Crim. P. 41(c)).

Reading Rule 32(f) to divest the trial court of jurisdiction to rule on a motion filed before the judgment becomes final would limit the effectiveness of the post-sentence portion of Rule 32(f). The language of Rule 32(f) clearly states that the trial court may hear a motion to withdraw a guilty plea after sentence, but before the judgment becomes final. The rule is silent, however, as to whether such a motion stays the judgment until the trial court rules on the motion. The purpose of Rule 32(f) is to provide a defendant with a procedure to withdraw a guilty plea. Interpreting Rule 32(f) to limit the trial court's ability to decide such a motion would defeat the very purpose for which the rule was intended.

---

[3]The language of Tenn. R. Crim. P. 32(f) provides that a defendant may attempt to withdraw a guilty plea at two independent points in time. The first portion of Rule 32(f) allows a motion to be filed prior to sentencing. The second part of the rule allows such a motion to be filed after sentencing but before the judgment becomes final. Although Peele filed both types of Rule 32(f) motions in this case, this appeal concerns only the second motion, which was filed after sentencing.

If we were to hold that the trial court loses jurisdiction to rule on the timely-filed Rule 32(f) motion, a moving party would be placed in one of two untenable positions. The moving party would be forced to choose whether to (1) await the trial court's ruling on the Rule 32(f) motion and chance that the trial judge will not rule on the motion before the judgment becomes final; or (2) before the judgment becomes final, file an appeal under Tenn. R. App. P. 3(b) of the trial court's anticipated denial of the Rule 32(f) motion. A defendant who chooses the first option risks the possibility that the trial court will fail to rule on the motion. Once the judgment became final and the trial court lost jurisdiction, a defendant would have forfeited his right to appeal a denial of the Rule 32(f) motion. The second option of an appeal before a trial court ruling presents a similar pitfall. When an appeal is filed, the trial court loses jurisdiction, and the jurisdiction of the Court of Criminal Appeals attaches. Pendergrass, 937 S.W.2d at 837 (Tenn. 1996) (citing State v. Peak, 823 S.W.2d 228, 229 (Tenn. Crim. App. 1991)). By prematurely appealing, the defendant would lose the opportunity to have the trial court rule, perhaps favorably, on his motion. Neither option provides a defendant a meaningful opportunity for relief under Rule 32(f). Procedural rules should not be applied to preclude their practical application.

The second part of the analysis concerns Tenn. R. App. P. 4(c). Rule 4(c) directly addresses the issue of tolling. The rule specifies certain post-trial motions or petitions that toll the time for filing a notice of appeal:

> In a criminal action if a timely motion or petition under the Tennessee Rules of Criminal Procedure is filed in the trial court by the defendant: (1) under Rule 29(c) for a judgment of acquittal, (2) under Rule 33(a) for a new trial, (3) under Rule 34 for arrest of judgment, or (4) under Rule 32(f)(1)[4] for a suspended sentence, the time for appeal for all parties shall run from entry of the order denying a new trial or granting or denying any other such motion or petition.

Tenn. R. App. P. 4(c) (2000). A motion to withdraw a guilty plea is not one of the specified motions or petitions. However, Rule 4(c) does not specifically exclude from tolling properly filed motions or petitions not otherwise enumerated in the rule.

The Advisory Commission Comments to Rule 4(c) state that "unless these motions are abolished, it would be undesirable to proceed with the appeal while the trial court has before it a motion the granting of which would vacate or alter the judgment appealed from, and which might affect . . . the decision to seek appellate review." Although a motion to withdraw a guilty plea is not one of the enumerated motions or petitions listed in Rule 4(c), the granting of such a motion would vacate the judgment. Had the trial court determined that Peele was entitled to withdraw his guilty plea, the judgment sentencing him would have been vacated. Peele would have been entitled to a jury trial on the first degree murder charge, and he would have had no need to appeal the conviction

---

[4] Subsection Rule 32(f)(1) is a typographical error. The rule concerning suspended sentences is found in Tenn. R. Crim. P. 32(a). Rule 32 does not contain a subsection 32(f)(1).

and sentence. Allowing Peele to await a ruling on the motion to withdraw his guilty plea before instituting an appeal from his conviction, therefore, would further the stated purpose of Rule 4(c).

Conversely, reading Rule 4(c) and Rule 32(f) to allow the trial court's judgment to become final before a ruling is made on a timely-filed Rule 32(f) motion effectively grants the trial court a "pocket veto." The trial court would have complete discretion to rule on the motion or to allow the time to run until the judgment became final. By waiting in good faith for a ruling that is never made, the defendant would lose the opportunity to appeal. Therefore, common sense dictates that the timely filing of a Rule 32(f) motion should stay the judgment of the trial court until the motion is decided.

Accordingly, we hold that Tenn. R. App. P. 4(c) and Tenn. R. Crim. P. 32(f) vest the trial court with jurisdiction to decide a timely-filed Rule 32(f) motion. In this case the judgment of the trial court was entered on May 22, 1990, and the judgment would have become final on June 21, 1990, thirty days after its entry. Peele's second motion to withdraw the guilty plea for first degree murder was filed on June 21, 1990. The filing of the motion therefore stayed the judgment until the trial court ruled on the motion to set aside the guilty plea.

## CONCLUSION

A Tenn. R. App. P. 3(b) direct appeal lies from a trial court's denial of a motion to withdraw a guilty plea raised under Tenn. R. Crim. P. 32(f). Upon the trial court's denial of the motion to withdraw his guilty plea, the defendant was entitled to appellate review of the decision. We therefore overrule the Court of Criminal Appeals' holding that a direct appeal does not arise from such a denial.

The trial court correctly exercised its jurisdiction under Tenn. R. Crim. P. 32(f) to rule on the motion to set aside the guilty plea. Although a judgment generally becomes final thirty days after its entry, the motion filed on June 21, 1990, stayed the judgment of the trial court, which would have otherwise been final on that day. We therefore overrule the Court of Criminal Appeals' holding that the trial court lacked jurisdiction to rule on the motion. The case is remanded to the Court of Criminal Appeals for proceedings consistent with this opinion. Costs are assessed to the State for which execution may issue if necessary.

_____
JANICE M. HOLDER, JUSTICE

-5-