IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 4, 2004
**JOSEPH MATTHEW MAKA v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Madison County**
**No. C-02-339      Roger A. Page, Judge**

_____

**No. W2003-01209-CCA-R3-PC  - Filed October 11, 2004**
_____

The petitioner appeals the Madison County Circuit Court's denial of post-conviction relief.  Because the post-conviction court had no jurisdiction to rescind its earlier grant of post-conviction relief, we reverse.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Reversed and Vacated.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JERRY L. SMITH, JJ., joined.

Danny R. Ellis, Jackson, Tennessee, for the Appellant, Joseph Matthew Maka.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General; James G. Woodall, District Attorney General; and Al Earls, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The petitioner, Joseph Matthew Maka, was indicted for premeditated first-degree murder in connection with the 1999 bludgeoning death of Calvin Waller and was found guilty of second-degree murder by a Madison County jury.  His conviction and sentence were affirmed on direct appeal on December 28, 2001, and the supreme court denied his application for permission to appeal on April 29, 2002.  *See State v. Joseph Matthew Maka*, No. W2001-00414-CCA-R3-CD (Tenn. Crim. App., Jackson, Dec. 28, 2001), *perm. app. denied* (Tenn. 2002).

The petitioner timely filed a *pro se* petition for post-conviction relief on September 16, 2002.  On December 31, 2002, the post-conviction court entered the following "Agreed Order Granting Post Conviction Relief":

> This cause having come before this Court on petition of
> Joseph Maka for post conviction relief and the Court having reviewed
> the petition and appointed counsel and appointed counsel and the

State having discussed the issues and potential issues to be raised in any amended petition and that errors were committed in the underlying matter that could be grounds for relief and the State being willing to concede the issues in particular a potential issue in the jury charge as addressed in *State v. Page*, 2002 WL 560961, (Tenn. Crim. App. 2002). And the parties having discussed the matter the State therefore concedes the petition and all issues raised therein without the filing of the amended petition which would raise the *Page* issue.

The petition is therefore granted as to each issue and claim for relief raised therein.

Thereafter, on February 12, 2003 -- 43 days after the Agreed Order Granting Post-Conviction Relief was entered -- the post-conviction court entered the following "Order Vacating Previous Order Granting Post Conviction":

This cause having come before this Honorable Court showing that the parties had previously stipulated to an order granting post conviction relief in this matter and it further showing that as to one or more of the grounds alleged particularly the issue of the indictment being void there was not factual basis to grant the petition:

It is therefore Ordered that the previous Order granting post conviction relief is hereby vacated.

It is further Ordered that the judgment of conviction in Madison County case # 99-901 is hereby reinstated.

It is further ordered that the petitioner/defendant, Joseph Maka be transported back to the Tennessee Department of Corrections until further needed by the Court.

It is further Ordered that the Clerk of this Court furnish to the Tennessee Department of Corrections and Madison County Sheriff's Department.

This cause is hereby set for hearing on April 7, 2003.

Over the petitioner's objection that the court lost jurisdiction after 30 days to set aside the order granting post-conviction relief, the post-conviction court conducted a post-conviction evidentiary hearing on April 7, 2003. The details of that hearing are immaterial to our disposition of this appeal. Following the hearing, the post-conviction court entered a Final Order Denying Post-

Conviction Relief on May 1, 2003. That Order, in relevant part, addressed the jurisdictional issue as follows:

> Arguably, this Court's jurisdiction is extinguished after thirty days under the normal rules of procedure. However, the Court would note that the Tennessee Rules of Civil Procedure are applicable at a post-conviction. Rule 60 provides that the court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; . . . (3) the judgment is void . . . (5) any other reason justifying relief from the operation of a judgment.
>
> . . . .
>
> Due to [a] mutual mistake and to prevent a manifest injustice against the petitioner if he was retried for first-degree murder, the court rescinded the agreed order. Upon review, this Court abides by its rescission. This claim of error is overruled.

The petitioner timely appealed from the May 1, 2003 final order. He takes issue with the post-conviction court's disposition of his petition on its merits, but he presses as an initial matter the jurisdictional authority of the court to vacate the December 31, 2002 order that had granted post-conviction relief. The petitioner insists that Tennessee Rule of Civil Procedure 60 does not apply in post-conviction proceedings and that it did not, in this case, operate to extend jurisdiction once the judgment became final, 30 days after the order granting post-conviction was entered. In its brief on appeal, the state agrees with the petitioner that "the trial court in this case did not have jurisdiction to enter an order vacating the agreed order 43 days after the agreed order had been entered."

Tennessee Supreme Court Rule 28 addresses applicable procedures and remedies with regard to Tennessee's Post-Conviction Procedure Act, Tennessee Code Annotated sections 40-30-101 *et seq*. Section 3(B) of Rule 28 explicitly states, "Neither the Tennessee Rules of Civil Procedure nor the Tennessee Rules of Criminal Procedure apply to post-conviction proceedings except as specifically provided by these rules." Tenn. Sup. Ct. R. 28, § 3(B); *see State v. West*, 19 S.W.3d 753, 756 (Tenn. 2000) (after adoption of Rule 28, all prior laws in conflict with Rule 28 of no further force or effect; Tenn. R. Crim. P. 52(b) involving plain error does not apply to post-conviction cases).

This court first recognized that Rule 60.02 of the Tennessee Rules of Civil Procedure does not apply in post-conviction cases in *Vincent Harris v. State*, No. 02C01-9702-CR-00063 (Tenn. Crim. App., Jackson, Jan. 15, 1998) (Rule 28 does not authorize application of Rule 60.02 in a post-conviction setting; accordingly trial court properly dismissed petitioner's motion for relief of judgment), *perm. app. denied* (Tenn. 1999), and we later followed that principle in *Barry Winfred Ritchie v. State*, No. E2002-02609-CCA-R3-PC (Tenn. Crim. App., Knoxville, Aug. 18, 2003). The

conclusion, therefore, is inescapable that the post-conviction court in this case lost jurisdiction over the proceeding 30 days after it entered the order granting post-conviction relief. *See* Tenn. Code Ann. § 40-30-116 (2003) ("The order granting or denying relief under the provisions of this part shall be deemed a final judgment, and an appeal may be taken to the court of criminal appeals in the manner prescribed by the Tennessee Rules of Appellate Procedure."); *State v. Peele*, 58 S.W.3d 701, 705-06 (Tenn. 2001) (trial court's judgment as a general rule becomes final 30 days after entry unless a timely notice of appeal or specified post-trial motion is filed; after court loses jurisdiction, generally it retains no power to amend the judgment; judgments made outside court's jurisdiction are void).

Accordingly, we hold that the post-conviction court exceeded its jurisdiction in vacating the order granting post-conviction relief, and its later May 1, 2003 order denying post-conviction relief is a nullity. We express no opinion on the merits of the non-jurisdictional issues raised on appeal, as those issues are not properly before us. The judgment below is reversed. The judgment and the post-conviction court's May 1, 2003 order are vacated.

_____
JAMES CURWOOD WITT, JR., JUDGE