# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs November 24, 2009

## STATE OF TENNESSEE v. MYRTLE B. LAMBERT

**Appeal from the Circuit Court for Sullivan County**
**Nos. S51,908; S53,236; and S54,149      R. Jerry Beck, Judge**

---

**No. E2008-01670-CCA-R3-CD - Filed April 6, 2010**

---

The defendant, Myrtle B. Lambert, appeals from her guilty-pleaded convictions of several counts of identity theft, forgery, and theft. On appeal, she argues that the trial court erroneously concluded that it was without jurisdiction to consider a pro se letter filed with the court on March 4, 2008, which, she claims, should have been treated as a motion to withdraw her guilty plea. Although we find the defendant's argument misplaced, we conclude that the court had jurisdiction to consider the defendant's March 4, 2008 letter as a notice that the defendant would proceed pro se until having counsel appointed and her March 25, 2008 letter as a filing challenging jurisdiction. Because the defendant, though technically represented by retained counsel, had expressed that her relationship with counsel had ended, we hold that the trial court should have considered the letter as a pro se motion for an arrest of judgment. Because the record before this court is insufficient to determine whether Sullivan County possessed territorial jurisdiction to convict the defendant, we remand to the trial court for further fact finding.

**Tenn. R. App. P. 3; Judgments of the Circuit Court Reversed and Remanded**

JAMES CURWOOD WITT, JR., delivered the opinion of the Court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Clifton Corker, Johnson City, Tennessee (on appeal); and Frank L. Slaughter, Jr., Bristol, Tennessee (at trial), for the appellant, Myrtle B. Lambert.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Joseph Eugene Perrin, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On July 19, 2006, a Sullivan County grand jury indicted the defendant in case S51,908 for four counts of identity theft, *see* T.C.A. § 39-14-150 (2003), four counts of forgery, *see id.* § 39-14-114, and four counts of theft, *see id.* § 39-14-103. On December 11, 2006, the defendant pleaded guilty to all counts as charged in exchange for an effective nine-year sentence as a Range II, Multiple Offender and a $750 fine. On February 14, 2007, the defendant was charged by presentment in case S53,236 with another count each of identity theft and theft. Further charges were brought by presentment on September 12, 2007, in case S54,149 for three counts of forgery. The defendant pleaded guilty to all counts as charged in cases S53,236 and S54,149. The plea agreement in case S53,236 provided that the defendant serve concurrent, six-year sentences as a Range II, Multiple Offender on those counts and further provided that the effective six-year sentence be served concurrently to her nine-year sentence in case S51,908. The agreement for case S54,149 provided that the defendant serve three concurrent six-year sentences as a Range III, Persistent Offender, consecutively to the sentences in cases S51,908 and S53,236. The effective sentence is, therefore, 15 years. The plea agreement left the method of service of the defendant's respective sentences to the trial court's determination.

A plea hearing and alternative sentencing hearing occurred for cases S53,236, S54,149, and S51908 on February 25, 2008.[1] The assistant district attorney general explained that the defendant was currently serving an incarcerative sentence in Virginia. The assistant district attorney also provided the factual basis for the pleas:

> Concerning S53[,]236, Detective Danny Farmer, who was the original detective in the first case, S51[,]908, received a call from Dr. Carol Dewey who was the original victim in the first case. Dr. Carol Dewey was a medical practitioner that hired Myrtle Lambert.
>
> In the first case [the defendant] had taken information personal to Dr. Dewey and then set up various accounts in which she had taken money. In this particular case Detective Farmer again received a call from Carol Dewey. Dr. Dewey indicated that she had just found out that the [d]efendant

---

[1]We note that the record before this court does not include the plea hearing for case number S51,908. Were the defendant to rely upon facts from this hearing in her appeal, we would decline to consider the issue; however, because we must remand the entire case for fact finding, we do not find the defendant's failure to include this hearing transcript fatal to her appeal.

had opened an account with Country Home Products, and that there was a current balance of $9,000 due to this credit card company.

Detective Farmer . . . found that the records showed the account to be under Dr. Dewey's name, but all bills being sent to [the defendant's] residence at Wagner Road in Bristol, Virginia.

He also found there were checks that [the defendant] had written on the account and signed Dr. Dewey's name; that they showed that [the defendant] had charged the account as late as December 2005; and that a balance in excess of $1,000 existed.

. . . . [The defendant] signed a waiver of [*Miranda*] rights and she gave a confession that indicated she had opened the account in 2004 using Dr. Dewey's Social Security number and date of birth. That she attempted to make a payment on the account on – in December 2006. And that at that point in time there was an outstanding balance of approximately $9,000 on this account that she had opened without knowledge or consent of Dr. Dewey, under Dr. Dewey's name.

As to the second case, S54[,]149, throughout the course of the prosecution of [the defendant] in S51[,]908 and S53[,]236 a number of documents were filed with this Court through [defense counsel's] office that indicated that [the defendant] was suffering from a diagnosis of cancer. And these letters provided in great detail the treatment of this type of cancer and the prognosis, as well as the indication the [the defendant] would . . . most likely die within a year of treatment.

It came to the attention of the State that . . . Dr. Bennett Cowan . . . said that [the defendant] was not under such treatment. He asked for copies of the documents that had been filed, and once those documents were shared with Dr. Bennett Cowan he indicated that they were in fact forgeries, that he had never authored those documents.

As to Counts 2 and Counts 3, while this case and the original case was pending in probation/alternative sentencing, once again [defense counsel], in representation of his client, forwarded to Dan Huffman with the Department of Probation and Parole letters from the National College of Business and Technology that were supposedly authored by Angela Carrier and Sherri Jessee indicating that [the defendant] was an employee, and asking that leniency be given to [the defendant] in her original bid for probation or other alternative sentencing.

[The assistant district attorney general] personally contacted Sherri Jessee as well as Angela Carrier. Both indicated that they had not authored those letters, were asked for copies of those letters, and upon review of the copies of the letters indicated that those were forged documents that were filed. They later confronted [the defendant], and [she] admitted to them that she in fact had forged those letters, as well as their signatures.

The trial court entered judgments of conviction reflecting the bargained-for length of sentences for case S51,908 on March 3, 2008. On March 4, 2008, the defendant filed a pro se letter, dated February 28, 2008, to the trial court stating, "On Monday February 25, 2008, I pleaded guilty to case S53,236 / S54,149. I wish to appeal the case due to some information that has come to my attention." The defendant also asked for a court-appointed attorney to conduct her appeal. The trial court entered judgments of conviction regarding case S54,149 on March 7, 2008.

The defendant filed another letter on March 25, 2008, that read:

On Feb 25, 2007 I told [counsel] that I had obtained the credit cards in Dr. Dewey's name, that I had filed for them online and got approved online at my home in Bristol, V[irginia]. I asked him how they could charge me in Tennessee.

Your Honor I was speaking to an attorney here at Southampton Reception and he asked me how I could be charged in Tennessee if I obtained the cards on my private computer at home. Dr. Carol Dewey never had any online services at her practice. The credit card companies should have

-4-

the e-mail address I used. I am guilty of the charges, I've never denied that I just want to make sure I am charged in the correct state. I wrote you a letter on Feb 29 asking for an appeal in this case. I also wrote you a letter on March 4, 2008[,] explaining why. [Defense counsel] said it made no difference, but I've been advised different by another attorney.

The trial court forwarded this letter to trial counsel in a "Notice to Counsel of Pro-Se Ex-Parte Communication of Defendant" the same day. In the notice, the trial court explained that it would not respond to the defendant because she was represented by retained counsel. On April 7, 2008, the trial court entered amended judgments of conviction for case S53,236.[2]

The defendant filed another letter addressed to the circuit court clerk on May 8, 2008. The letter reflected that the defendant "tried to file an appeal" and that the clerk sent her a letter stating that her letters had been forwarded to her retained counsel. The letter stated that the defendant wrote counsel, who advised her "to write [the circuit court clerk] and file a notice of appeal." In her letter, the defendant again said, "I need an attorney and need to file an appeal," and she again argued that her offenses occurred in Virginia and not Tennessee.

The trial court filed an order on May 13, 2008, reflecting that the "judgments are final and the cases shall be closed." The court noted that the final judgments for cases S51,908 and S53,236 were filed on April 7, 2008, and that the final judgments for case S54,149 were filed on March 7, 2008. The court found that 30 days had passed since these dates and that the case was therefore closed.

The trial court then filed another order on July 17, 2008, noting that the trial court was unaware of the defendant's March 4, 2008 letter and referencing a June 6, 2008 letter not contained in the record before this court where the defendant "stat[ed] her original counsel . . . had refused to file an appeal." The order stated that the trial court "has no power or jurisdiction to extend the time for filing a notice of appeal." *See* Tenn. R. App. P. 4(a).

The trial court's order also found, "Although the defendant[']s letters do not seem to qualify as a pleading motion or a Post-Conviction Petition, the [c]ourt is of the opinion the letters command some response of the court." The court noted that the defendant "might have grounds to file [a petition for post-conviction relief] if in fact the offenses did

---

[2]The record contains the amended judgments for case S53,236, but not the original judgments. Also, on April 7, 2008, the trial court amended three forgery convictions from case S51,908 to reflect that the convictions were Class E felonies and not Class D felonies.

occur in the Commonwealth of Virginia."

The defendant filed a pro se notice of appeal on July 24, 2008. The defendant appeals on grounds that "[t]he [t]rial [c]ourt erred in not considering [d]efendant's letter dated February 28, 2008[,] and filed March 4, 2008[,] as a motion to withdraw plea." The State responds that the trial court "properly declined to consider the ex-parte communication from a represented party rather than accept the letter as a motion to withdraw guilty plea." The State's brief argues that the trial court had discretion to ignore the defendant's pro se letters because the defendant was represented by retained counsel. *See State v. Franklin*, 714 S.W.2d 252, 258 (Tenn. 1986) (holding that permitting the defendant's use of "'hybrid representation' (that is, simultaneous representation by counsel and *pro se*)" is within the discretion of the trial court); *see also State v. Burkhart*, 541 S.W.2d 365, 371 (Tenn. 1976) ("[A defendant] does not have a constitutional right under the State or Federal Constitution to participate [pro se] in his own defense and simultaneously to be represented by participating counsel.").

A close examination of the chronology of this unique case reveals that the defendant was represented by retained counsel at the February 25, 2008 plea hearing. However, counsel does not appear again in the record after the guilty plea. Further, an examination of the defendant's letter dated February 28, 2008, evinces that the defendant's relationship with retained counsel had ended. The defendant specifically requested counsel be appointed. Although the court clerk did not bring this letter to the court's attention in a timely manner, the letter indicated that the defendant would essentially represent herself on a pro se basis until the appointment of an attorney. Accordingly, we cannot agree with the State that the trial court was free to ignore the pro se communication; nothing indicates that the defendant was attempting "hybrid representation" in pursuing her case.

However, we also disagree with the defendant that the trial court should have considered the defendant's letter as a motion to withdraw guilty plea. First, we note that the March 25, 2008 letter and not the March 4, 2008 letter substantively challenges the defendant's convictions. The defendant's March 25 letter makes it abundantly clear that the defendant did not deny her guilt but only challenged the territorial jurisdiction of the trial court. *See* T.C.A. § 39-11-103 (2006) (defining territorial jurisdiction). The letter states, "I am guilty of the charges, I've never denied that I just want to make sure I am charged in the correct state." This does not indicate that the defendant wished to withdraw her guilty plea pursuant to Tennessee Rule of Criminal Procedure 32(f).

Further, we note that "[i]t is elementary that before a court may exercise judicial power to hear and determine a criminal prosecution, that court must possess three types of jurisdiction: jurisdiction over the defendant, jurisdiction over the alleged crime, and

territorial jurisdiction." *State v. Legg*, 9 S.W.3d 111, 114 (Tenn. 1999). Our analysis of the record shows that the defendant wished to challenge the territorial jurisdiction of the court and not her guilt. A trial court must possess territorial jurisdiction, which is "embodied in the constitutional right to a trial 'by an impartial jury of the county in which the crime shall have been committed.'" *Id.* (quoting Tenn. Const. Art. I and citing U.S. Const. Amend. VI). Although defense counsel on appeal posits the defendant should be permitted to withdraw her guilty plea if the trial court lacks territorial jurisdiction, the true effect of the trial court's lack of jurisdiction would render the charges invalid and hence the pleas moot. Thus, the withdrawing of the defendant's plea is superfluous if the court was constitutionally prohibited from convicting the defendant.

Rule 34 of our Rules of Criminal Procedure provides that a "court on motion of a defendant shall arrest judgment" if "the court was without jurisdiction of the charged offenses." Tenn. R. Crim. P. 34(a)(2); Tenn. R. App. P. 4(c)(5) (tolling the time for appeal until an order granting or denying arrest of judgment has been adjudicated). We recognize that Rule 34 sets out a specific procedure a defendant must follow to move for arrest of judgment, *see* Tenn. R. Crim. P. 34(b); however, we have long acknowledged leniency in the consideration of filings from a pro se litigant. Further, the challenge to the trial court's jurisdiction on March 25 was timely brought within 30 days of the date that the order of sentence was entered. *See id.*

We do not find that the trial court was patently erroneous in failing to consider the defendant's pro se letter as a motion for arrest of judgment. The trial court acknowledged that it was unaware of the March 4, 2008 letter until July 2008. This letter, as noted above, indicated that the defendant was no longer represented by counsel. The trial court's failing to consider the defendant's March 25, 2008 letter as a pleading is understandable in light of the defendant's ostensibly remaining represented by retained counsel and the trial court's unawareness of the March 4, 2008 letter. However, the trial court clerk's apparent failure to bring the letter to the trial court's attention was not the fault of the defendant, and we will not penalize her for this lack of communication. The defendant timely, although inartfully, informed the trial court of her proceeding pro se in the March 4, 2008 letter, and she challenged the court's jurisdiction in her March 25, 2008 letter. The trial court should have then determined whether a factual basis existed for the defendant's effective motion for arrest of judgment.

The various letters from the defendant allege that she committed many of the offenses leading to her convictions in Bristol, Virginia. The trial court even admitted that the defendant may have been entitled to challenge her convictions in later proceedings "if in

fact the offenses did occur in the Commonwealth of Virginia."[3] We find that the defendant made a colorable claim for arrest of judgment in light of the questions involving territorial jurisdiction. The trial court should have held a fact-finding hearing to determine whether the defendant's offenses involving identity theft, forgery, and theft occurred within the territorial jurisdiction of the Sullivan County court. Our supreme court has provided guidance in proving territorial jurisdiction in *State v. Legg*, 9 S.W.3d at 115-118, and this precedent should be helpful for the trial court in determining territorial jurisdiction. *See also State v. Elizabeth Davis*, No. E1999-00373-CCA-R3-CD, slip op. at 10-12 (Tenn. Crim. App., Knoxville, Sept. 19, 2000) (evaluating territorial jurisdiction when "the [defendant] allegedly commenced her offenses by writing checks in Alabama or Texas drawing upon state funds held in the escrow account at Erwin National Bank.").

The defendant admits that the jurisdictional issues only apply to cases numbered S51,908 and S53,236, which involve opening accounts with credit card companies, and that no jurisdictional issue exists regarding the forgeries made to the trial court in case number S54,149. However, we note that the defendant pleaded guilty to all offenses in case numbers S53,236 and S54,149 as part of a "global plea agreement." Her agreement to being sentenced as a Range II offender in S53,236 provided the basis for her sentencing as a Range III offender in S54,149. Because the plea agreement intertwined these offenses, we remand all of the judgments.

Finally, we note that the presentment used to charge the defendant in case number S54,149 listed defense counsel as a witness to the forgery charges. These charges stemmed from the defendant's submitting falsified documents, through defense counsel, to the trial court for the sentencing hearing in case number S51,908. Our Rules of Professional Conduct clearly prohibit a lawyer from "act[ing] as an advocate at a trial in which the lawyer is likely to be a necessary witness." Tenn. R. S. Ct. 8, RPC 3.7.[4] On remand, we advise the trial court to consider RPC 3.7 should original trial counsel reappear on the defendant's behalf in case number S54,149.

---

[3]We note that, when the trial court made this observation, it was under the impression that it lacked jurisdiction to act upon the case. We recognize that, generally, a judgment in a criminal case becomes final 30 days after its entry, and thereafter, a trial court has no jurisdiction to modify it. *See State v. Peele*, 58 S.W.3d 701, 704 (Tenn. 2001); *State v. Thomas Coggins*, No. M2008-00104-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., Knoxville, Feb. 25, 2009); however, in the instant case, because the defendant's pro se letter of March 25, 2008, served as an effective motion for arrest of judgement and was filed within 30 days of the final judgments, the filing period for a notice of appeal was tolled and the trial court retained jurisdiction. *See* Tenn. R. App. P. 4(c)(5).

[4]We note that this rule provides an exception for when "[t]he testimony relates to an uncontested issue," which may well be the case where the defendant admits guilt.

In conclusion, we find that serious questions regarding the territorial jurisdiction exist in cases number S51,908 and S53,236, and that the trial court should have considered the defendant's pro se filings as a motion for arrest of judgment and conducted hearings regarding jurisdiction. Because case number S54,149 was part of a global plea agreement with S53,236, we also remand this case for further proceedings. This remand is a termination of this appeal in this court.

_____

JAMES CURWOOD WITT, JR., JUDGE