IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 18, 2010

### SHAWN BLAIR v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Rutherford County**
**No. F-58066     David Bragg, Judge**

---

**No. M2009-02458-CCA-R3-PC - Filed February 8, 2011**

---

The Petitioner, Shawn Blair, appeals the post-conviction court's dismissal of his petition for post-conviction relief from his two convictions for simple possession of marijuana and resulting sentences of eleven-months, twenty-nine days for each conviction to be served consecutively. The post-conviction court summarily dismissed the petition without appointing counsel or conducting a hearing on the basis that the Petitioner had filed it while his direct appeal was pending. The Petitioner argues that he is entitled to post-conviction relief because he did not plead guilty knowingly and voluntarily and because he received the ineffective assistance of counsel. The State contends that the post-conviction court improperly dismissed the petition because the Petitioner did not file it prematurely. Upon review of the record and the parties' briefs, we reverse the judgment of the post-conviction court and remand the case for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right ; Judgment of the Circuit Court is Reversed, and the Case is Remanded.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Shawn Blair, Oakdale, Louisiana, Pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence Lutz, Assistant Attorney General; and William C. Whitesell, Jr., District Attorney General; for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

A Rutherford County Circuit Court jury convicted the Petitioner of possessing three hundred grams or more of cocaine with intent to sell or deliver, a Class A felony, and simple possession of marijuana, a Class A misdemeanor. See State v. Shawn Blair, No. M2006-02694-CCA-R3-CD, 2008 Tenn. Crim. App. LEXIS 290, at *1 (Nashville, Mar. 26, 2008). After a sentencing hearing, the Petitioner received an effective eighteen-year sentence. Id. On direct appeal, this court reversed the Petitioner's convictions and remanded the case to the trial court for a new trial. Id. at *2. Instead of going to trial, the Petitioner pled guilty on June 12, 2006, to two counts of simple possession, a Class A misdemeanor, and the trial court sentenced him to eleven months, twenty-nine days for each conviction, to be served consecutively. One week later, the United States Department of Homeland Security notified the Petitioner, a citizen of Guyana, that he was subject to deportation due to his convictions.

On August 17, 2009, the appellant filed in the trial court a document titled "MOTION FOR PERMISSION FOR LEAVE TO FILE LATE APPEAL AS TIME[LY], AND TO PROCEED ON APPEAL IN FORMA PAUPERIS." In the document, the Petitioner stated that he "hereby files this Notice of Appeal." On October 27, 2009, the Petitioner filed a petition for post-conviction relief, claiming that his guilty pleas were involuntary and that he received the ineffective assistance of counsel because trial counsel failed to inform him about the possibility of deportation as a result of his guilty pleas and failed to file a timely notice of appeal. In the petition, the Petitioner typed that his direct appeal was "pending." On October 28, 2009, the trial court filed an order denying the Petitioner's August 17 "motion to untimely file a motion to appeal." On November 5, 2009, the post-conviction court dismissed the petition for post-conviction relief on the basis that the Petitioner had filed the petition prematurely because his direct appeal was still pending. The Petitioner timely appealed the post-conviction court's ruling to this court.

## II. Analysis

The Petitioner claims that he is entitled to post-conviction relief because he did not plead guilty knowingly and received the ineffective assistance of counsel. Specifically, he argues that trial counsel did not correctly inform him about the possibility of deportation if he pled guilty and that trial counsel should have filed a timely notice of appeal. The State agrees with the Petitioner's claim that the post-conviction court improperly dismissed the petition. However, the State contends that the post-conviction court incorrectly concluded the petitioner filed the petition prematurely. According to the State, when the trial court denied the Petitioner's August 17 motion to late-file a notice of appeal, the trial court "acknowledged that the original proceedings had closed and that no appeal could be had. . . . The time for filing a petition therefore commenced thirty days after entry of the petitioner's guilty plea, and the petition was not prematurely filed on [October 27], 2009.

The Post-Conviction Procedure Act provides relief from a "conviction or sentence [that] is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. A petition for post-conviction relief must specify grounds for relief and set forth facts to establish a colorable claim. Tenn. Code Ann. § 40-30-106(d). "A colorable claim is a claim, in a petition for post-conviction relief, that, if taken true, in the light most favorable to petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Tenn. Sup. Ct. R. 28, § 2(H). A Petitioner may not file a post-conviction petition until the final judgment of the highest court has been entered. See Tenn. Code Ann. § 40-30-102(a). "[A] petition for post-conviction relief, complaining of the original conviction and sentence, may not be maintained while a direct appeal of the same conviction and sentence is being prosecuted." Gibson v. State, 7 S.W.3d 47, 49 (Tenn. Crim. App. 1998)

In this case, the Petitioner pled guilty and was sentenced on June 12, 2009. The trial court entered the judgments of conviction that same day. Our supreme court has held that "a judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of the sentence." State v. Green, 106 S.W.3d 646, 650 (Tenn. 2003). At that point, the trial court no longer has jurisdiction to modify the judgment. See State v. Peele, 58 S.W.3d 701, 704 (Tenn. 2001). In most instances, the only way a defendant can extend the trial court's jurisdiction is to file a timely motion for judgment of acquittal, suspended sentence, withdrawal of a guilty plea, new trial, or arrest of judgment. Tenn. R. App. P. 4(c); State v. Loren Nichols, No. E2007-02806-CCA-R3-CD, 2009 Tenn. Crim. App. LEXIS 333, at *13 (Knoxville, May 8, 2008). The Petitioner did not file any of those motions within thirty days of the entry of his judgments of conviction. Therefore, the judgments became final on July 12, 2009, and the Petitioner's October 27 petition for post-conviction relief was not premature.

We note that according to the trial court's October 28 order, it considered the document filed by the Petitioner on August 17 to be a "motion to untimely file a motion to appeal." However, aside from the fact that the court lacked jurisdiction to rule on the "motion," the court could not grant such a motion because only this court can waive the requirement that a defendant file a timely notice of appeal. See Tenn. R. App. P. 4(a).

Given that the Petitioner did not file the petition for post-conviction relief prematurely, the post-conviction court should have ruled on the merits of the petition. Taking the Petitioner's allegations as true, in the light most favorable to the Petitioner, we hold that the petition states a claim that would entitle him to relief under the Post-Conviction Procedure Act. According to the petition, the Petitioner wants the post-conviction court to appoint counsel. Therefore, the case is remanded to the post-conviction court for the appointment of counsel if the court determines that the Petitioner is indigent. See Tenn.

Code Ann. § 40-30-107(b)(1).  The court shall also direct the Petitioner or appointed counsel to file within thirty days an amended petition or a written notice that no amendment will be filed.  See Tenn. Code Ann. § 40-30-107(b)(2).

### III.  Conclusion

Based upon the record and the parties' briefs, we reverse the judgment of the post-conviction court and remand the case for further proceedings consistent with this opinion.

_____
NORMA McGEE OGLE, JUDGE