# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs August 05, 2014

## STATE OF TENNESSEE v. WILLIAM JERNIGAN

**Appeal from the Criminal Court for Shelby County**
**No. W1201349     Paula L. Skahan, Judge**

---

**No. W2013-01011-CCA-R3-CD  -  Filed January 28, 2015**

---

Defendant, William Jernigan, entered into a negotiated plea agreement and pled guilty as charged in a two-count criminal information to the Class D felony offense of possession with intent to sell Alprazolam and to the Class E felony offense of possession with intent to sell one-half ounce or more of marijuana.  The agreed sentences were thirty months for the Class D felony and two years for the Class E felony, to be served concurrently.  Reserved for determination by the trial court was what amount, if any, of the effective sentence of thirty months would be served on probation.  At the sentencing hearing, Defendant sought full probation.  The State requested that Defendant be incarcerated "at least for a time" because Defendant was "not worthy of complete probation."  From the bench at the conclusion of the sentencing hearing the trial court ordered the sentence to be served by split confinement as follows: sixty days' incarceration in the Shelby County workhouse followed by thirty months' probation.  Defendant appeals, arguing that the trial court should have granted full probation.  We affirm the judgments of conviction and sentence of the trial court but reverse the trial court's order of stay of incarceration which was filed after the notice of appeal conferred jurisdiction with this Court.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgments of the Criminal Court Affirmed; Reversed in Part**

THOMAS T. WOODALL, P.J., delivered the opinion of the Court, in which ALAN E. GLENN and ROGER A. PAGE, JJ., joined.

R. Todd Mosley, Memphis, Tennessee, (on appeal), and James DeRossitt, Memphis, Tennessee, (at trial), for the appellant, William Jernigan.

Herbert H. Slatery, III, Attorney General and Reporter; Meredith Devault, Senior Counsel; Amy P. Weirich, District Attorney General; and Kevin Rardin, and Marques Young, Assistant District Attorneys General, for the appellee, the State of Tennessee.

**OPINION**

During an investigation by Memphis police officers, Defendant gave the officers consent to search his home. Therein the officers found over four pounds of marijuana packaged in different bags, plus over $1,200.00 cash in one of the bags containing marijuana, in addition to over $1,000.00 cash found in Defendant's wallet. Also seized during the search were two pill bottles collectively containing fifty-four Alprazolam (Xanax) pills. These pill bottles were found in a bedroom dresser drawer.

At the sentencing hearing, Defendant testified that he had sold marijuana for several months prior to the search of his home in order to financially support his family. Defendant stated that the Alprazolam pills were for his own use, but he admitted that he did not have a prescription for the drug. When asked by the State during cross-examination, Defendant refused to provide the name of the person who sold him marijuana to re-sell and the name of the other person who sold him the Alprazolam.

Defendant's prior criminal record includes a felony conviction in 2001 for "attempt to commit felony" involving sale of the drug ecstasy, for which he was on probation for three years, and a misdemeanor conviction in 2008 for possession of marijuana for which he was fined $250.00.

Defendant admitted in his testimony that he had regularly used marijuana from the time of his arrest in September 2012 until January 2013, which was about three months prior to the sentencing hearing. Defendant denied having a "drug problem," because he was "completely clean" at the time of the sentencing hearing. However, Defendant added,

> I'm admitting that I did drugs and that I did them on a daily basis and the only reason why I stopped doing any of it is because I got in trouble for this. Otherwise, I would still do probably the same thing.

At the conclusion of the sentencing hearing the trial court announced its ruling which we set forth in its entirety:

THE COURT:    All right, stand up, Mr. Jernigan. Mr. Jernigan, I think you have been honest with the Court if not especially forthcoming. You have been given probation in the

past and you did successfully complete but that was meant to teach you a lesson and unfortunately it didn't deter you from being involved in the same type of activity.

Again, you were again arrested in 2008, charged with possession of I take it marijuana. So measures less restrictive have been attempted in the past. I think that there is potential for you to be a successful citizen but I do think some jail time is required in this case.

What I'm going to do is suspend all but sixty days of your sentence, place you on probation for thirty months. Require random and frequent drugs screens. Maintain gainful employment. Fifty hours of community service. Report to your probation officer as required. Not pick up any new cases. If you do that, you won't have to serve the remainder of the thirty months.

On appeal, Defendant's relatively short argument section in his brief asserts that the only reason the trial court denied full probation was because of "Defendant's prior conviction[s]." Defendant asserts that the trial court abused its discretion because the prior convictions are not "recent" and there was no evidence that Defendant had ever violated the terms of his probation. The State argues the judgments should be affirmed.

**ANALYSIS**

When a defendant on appeal challenges the length of the sentence imposed by the trial court, the appellate court reviews this sentencing decision under an abuse of discretion standard of review with a presumption of reasonableness as to a within-range sentence when the appellate record reflects the trial court properly applied the purposes and principles of Tennessee's statutory sentencing procedures. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). Subsequently, our supreme court held that the same standard of review applies to all sentencing decisions "related to probation or any other alternative sentence." *State v. Caudle*, 388 S.W.3d 273, 279 (Tenn. 2012). The burden rests with the defendant to show that he is a suitable candidate for probation. T.C.A. § 40-35-303(b).

The purposes and principles of Tennessee's statutory sentencing procedures are generally set forth in T.C.A. §§ 40-35-102 and -103. As pertinent to the issues presented in

the case *sub judice*, these provisions require that punishment should provide an effective general deterrent to those who violate the criminal laws of the state and encouragement of effective rehabilitation by promoting the use of alternative sentencing. T.C.A. § 40-35-102(3)(A) and (C). Also, each defendant should be punished by imposition of a sentence "justly deserved in relation to the seriousness of the offense." *Id*. at (1). Also, the following is found in T.C.A. § 40-35-103(5): "The potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or the length of a term to be imposed."

The trial court imposed the alternative sentence of split confinement, which is probation following partial service in a jail or workhouse. T.C.A. § 40-35-306(a). The total effective sentence length agreed to by Defendant was thirty months, or approximately nine-hundred days. The period of incarceration of Defendant is sixty days or approximately 6.6% of the total sentence.

We conclude that the trial court's brief comments meet the minimal requirements for a sentencing decision to be entitled to an abuse of discretion review with a presumption of reasonableness. The issue in this case is whether Defendant's alternative sentence should be full probation or probation following a relatively brief period of incarceration. Defendant's testimony that he would have continued with his criminal behavior if he had not been caught, while candid, shows his rehabilitation should include some incarceration. This is especially true since his prior felony conviction sentence was served entirely on probation, yet he later committed the felony offenses considered in this appeal.

We note that the notice of appeal was filed in this case on April 24, 2013. Normally, "[w]hen an appeal is filed, the trial court loses jurisdiction, and the jurisdiction of the Court of Criminal Appeals attaches." *State v. Peele*, 58 S.W.3d 701, 705 (Tenn. 2001). On May 7, 2013, the trial court entered an order styled "Order Staying Execution of Jail Sentence." The order provides as follows:

> This matter came before the Court on Defendant's oral motion to stay the execution of his sixty-day jail sentence, due to the pendency of Defendant's appeal of his sentence under Case Number W2013-01011-CCA-R3-CD. The motion to stay the execution of the jail sentence was not opposed by the State of Tennessee. Wherefore, premises considered, the Court finds this motion well-taken and should be granted.
>
> Therefore, it is ORDERED that the execution of Defendant's jail sentence be stayed pending the resolution of his appeal to the Tennessee Court of Criminal Appeals and, should that appeal be unsuccessful and

Defendant elects to apply for permission to appeal to the Tennessee Supreme Court, pending the resolution of his matter before the Tennessee Supreme Court.

The trial court was without jurisdiction to enter the order on May 7, 2013, after notice of appeal had been filed. The record reflects Defendant was released on bail two days after his arrest. The necessity of the order is thus puzzling. Furthermore, even if the order had been entered while the trial court had jurisdiction, it was improper for the trial court to make a determination of Defendant's release status which would be effective *after* this court's decision on appeal.

Accordingly, we affirm the judgments of conviction and the sentence imposed by the trial court. We reverse and vacate the trial court's "Order Staying Execution of Jail Sentence." Defendant is to be taken into custody to serve the incarceration portion of the sentence. However, if Defendant files an application for permission to appeal pursuant to Tenn. R. App. P. 11, upon such filing, his bond is set at ten thousand and 00/100 dollars ($10,000.00) pending disposition of the Rule 11 application by the Tennessee Supreme Court.

_____
THOMAS T. WOODALL, PRESIDING JUDGE