IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 4, 2018

**STATE OF TENNESSEE v. BOBBY MCKINLEY**

**Appeal from the Criminal Court for Shelby County**
**No. 09-02409, 09-03985    J. Robert Carter, Jr., Judge**

_____

**No. W2017-01017-CCA-R3-CD**

_____

The pro se Defendant, Bobby McKinley, appeals the Shelby County Criminal Court's denial of his motion to vacate his judgments for aggravated robbery, arguing that the uniform judgment forms were not properly entered because the "file-stamp" was not on the face of the judgments and the judgments contained other clerical errors. Following our review, we dismiss the appeal for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal DISMISSED**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Bobby McKinley, Mason, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Glen Baity, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

The record in this case is sparse and incomplete. From the documents included, it appears that on April 14, 2009, the Shelby County Grand Jury returned an indictment charging the Defendant in case number 09-02409 with two counts of aggravated robbery. On June 25, 2009, the Shelby County Grand Jury returned another indictment charging the Defendant in case number 09-03985 with four additional counts of aggravated

robbery. On January 21, 2010, the Defendant entered guilty pleas in connection with those two cases, as well as case number 09-02221, in which he was apparently charged with attempted aggravated robbery and aggravated assault. Included in the record are three judgments, one for count one of case number 09-02409, one for count one of 09-03985, and a second judgment for count one of 09-03985 that appears to show where the pretrial jail credit period was changed to 10/5/08 through 1/21/10.

The judgments reflect that the Defendant was sentenced as a Range I, standard offender to eight years at thirty percent for the aggravated robbery in count one of case number 09-02409 and eight years at thirty percent for the aggravated robbery in count one of case number 09-03985. The judgments further reflect that the sentences were ordered to be served concurrently to each other and to the sentences in case number 09-02221. Each judgment is signed by the Defendant, the Defendant's counsel, the prosecutor and the judge and has a date of entry of January 21, 2010. A file-stamp is not on the copies of the judgments that are included in the record and the portions of the judgments with spaces for the name of the attorney for the State, the Defendant's alias, "TDOC #," "State Control #" and "State ID #" are left blank.

On April 19, 2017, the Defendant filed a pro se "Motion Requesting an Order to Vacate or Set Aside Judgment" in which he alleged that the judgments for count one in case number 09-03985 and count one in case number 09-02409 were "ineffective, invalid and/or defective" because the "file-stamp" was not stamped on the face of the judgments and the above-mentioned information was omitted. The Defendant also included a one line sentence asserting that his counsel provided ineffective assistance during sentencing.

On May 10, 2017, the trial court entered an order denying the Defendant's motion. Among other things, the court found that the omissions constituted "clerical errors, at best." The court also noted that the Defendant, from his pleadings, was currently in federal custody and was attempting in his motion to attack expired state court sentences. Thereafter, the Defendant filed a timely appeal to this court.

## ANALYSIS

The Defendant makes the same arguments on appeal as he did in his motion to vacate the judgment, adding a request that this court view his pleadings by the less stringent standards afforded pro se litigants. The State responds by arguing that the Defendant has not identified any basis for relief, regardless of how liberal a view is taken of his motion.

We first agree with the State that this court has no jurisdiction over the trial court's denial of a motion to vacate a judgment. See Tenn. R. App. P 3(b); State v. Bertin

<u>DeJesus Jimenez</u>, No. M2014-01109-CCA-R3-CD, 2015 WL 5783680, at * 2 (Tenn. Crim. App. Oct. 5, 2015) (citation omitted) ("This court has previously held that a defendant has no right under Tennessee Rule of Appellate Procedure 3(b) to appeal a trial court's denial of a motion to vacate a judgment of conviction.")

We further agree with the State that even if we were to liberally construe the Defendant's pleading as a motion to withdraw his guilty pleas, a motion to correct an illegal sentence, or a petition for post-conviction relief, the Defendant would not be entitled to any relief. A motion to set aside or withdraw a guilty plea must be filed before the judgment becomes final. <u>See</u> Tenn. R. Crim. P. 32 (f)(2). Once the judgment is final, the trial court no longer has jurisdiction to consider a motion to withdraw a guilty plea. <u>See</u> <u>State v. Poole</u>, 58 S.W. 3d 701, 704 (Tenn. 2001). Treating the motion as a motion to correct an illegal sentence also does not afford the Defendant any relief because the motion was filed after the Defendant's sentences were clearly expired. <u>See</u> <u>State v. Brown</u>, 479 S.W. 3d 200, 213 (Tenn. 2015). Finally, if the motion is treated as a petition for post-conviction relief, it clearly falls outside the one-year statute of limitations for filing a post-conviction petition. <u>See</u> Tenn. Code Ann. §40-30-102(a). Moreover, the Defendant has not alleged any grounds that would warrant that the limitations period be tolled. <u>See</u> <u>id.</u> §40-30-102(b); <u>see also</u> <u>Whitehead v. State</u>, 402 S.W.3d 615, 622-23 (Tenn. 2013).

## <u>CONCLUSION</u>

Based on the foregoing authorities and reasoning, we dismiss the appeal for lack of jurisdiction.

_____
ALAN E. GLENN, JUDGE

- 3 -