
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 4, 2018

## DARRELL MALONE v. STATE OF TENNESSEE

Appeal from the Criminal Court for Shelby County
No. 16-00646    Paula Skahan, Judge

_____

No. W2018-00524-CCA-R3-PC
_____

The Petitioner, Darrell Malone, appeals the Shelby County Criminal Court's summary dismissal of his petition for post-conviction relief from his 2016 conviction for attempt to commit rape and his four-year sentence. The Petitioner contends that the post-conviction court erred by determining that his petition was untimely. We reverse the judgment of the post-conviction court and remand the case for consideration of the issues raised in the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed; Case Remanded**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ., joined.

Michael R. Working (on appeal) and Darrell Malone (in post-conviction court), Pro Se, Memphis, Tennessee, for the appellant, Darrell Malone.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General; and Amy P. Weirich, District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Petitioner's conviction relates to an April 2013 incident, which resulted in the Petitioner's being indicted for rape in January 2016. After a jury trial, the Petitioner was convicted of attempted rape. On November 30, 2016, the trial court imposed a four-year sentence of split confinement, with one year in confinement at 100% service and three years to be served on probation. The judgment was likewise entered on November 30, 2016, and a written order reflects that the Petitioner waived his rights to file a motion for a new trial and to appeal his conviction.

On December 29, 2017, the Petitioner filed the instant pro se petition for post-conviction relief, alleging multiple instances of the ineffective assistance of counsel. The Petitioner asserted relative to the petition's timeliness that the time in which to file a post-conviction petition expired on January 2, 2018. He stated that the judgment became final on December 30, 2016, that December 30 and 31, 2017, fell on a weekend, and that January 1, 2018, was a legal holiday. The State did not submit a response to the petition, and on February 22, 2018, the post-conviction court entered an order dismissing the petition on the basis that it was untimely. The court found that the Petitioner waived his rights to a new trial and to appeal on November 30, 2017, "thereby triggering the finality of judgment." The court also determined that the petition failed to state an adequate basis for tolling the statute of limitations. This appeal followed.

The Petitioner contends that the post-conviction court erred by determining that his petition for relief was untimely. He argues that the deadline to file the petition was Saturday, December 30, 2017, that the courthouse was closed on Sunday, December 31, 2017, that the courthouse was closed on Monday, January 1, 2018, as a result of a legal holiday, and that his petition was timely filed on January 2, 2018. The State responds that regardless of whether the Petitioner waived his rights to file a motion for a new trial and to appeal his conviction, the post-conviction court erred by determining that the statute of limitations period began to run upon the entry of the judgment. We agree that the petition was timely filed.

Generally, a petitioner "must petition for post-conviction relief . . . within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." T.C.A. § 40-30-102(a) (2018); *see* Tenn. Sup. Ct. R. 28 § 4(B). "A trial court's judgment as a general rule becomes final thirty days after its entry unless a timely notice of appeal or specified post-trial motion is filed." *State v. Peele*, 58 S.W.3d 701, 704 (Tenn. 2001); *see State v. Mixon*, 938 S.W.2d 661, 670 (Tenn. 2001); *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996). This rule applies "regardless of whether there has been a waiver of the right to appeal." *State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003).

The record reflects that the judgment of conviction was entered on November 30, 2016, and that, as a result, the judgment became final on December 30, 2016. Therefore, the Petitioner was required to file his petition for post-conviction relief on or before December 30, 2017. *See* Tenn. R. Crim. P. 45(a)(2). The record reflects that the pro se post-conviction petition was filed on Friday, December 29, 2017. Therefore, the petition was filed before the expiration of the one-year statute of limitations period and was timely.

Based upon the foregoing and the record as a whole, the judgment of the post-conviction court is reversed, and the case is remanded to the court for consideration of the Petitioner's ineffective assistance allegations.


_____
ROBERT H. MONTGOMERY, JR., JUDGE