# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned On Briefs February 12, 2014

## LEONARD ALLEN, a.k.a. Lenny Allen v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Davidson County**
**No. 2003-A-42   Seth Norman, Judge**

_____

**No.   M2013-00840-CCA-R3-PC - Filed July 21, 2014**

_____

On January 3, 2003 the Davidson County Grand Jury indicted Petitioner, Leonard Allen, for especially aggravated robbery. Following a jury trial, Petitioner was convicted of the charged offense. The trial court sentenced Petitioner to twenty years of incarceration. Petitioner filed a notice of appeal. Subsequently, Petitioner filed a petition to plead guilty to aggravated robbery in the same case. The trial court, upon agreement of the parties, vacated the conviction for especially aggravated robbery and accepted a plea agreement to aggravated robbery with a sentence of ten years at thirty percent with credit for time served and the balance of the sentence to be served on probation. Petitioner appealed, challenging various aspects of his original conviction as well as the guilty plea. *See State v. Leonard Allen*, No. M2007-02581-CCA-R3-CD, 2011 WL 1344462 (Tenn. Crim. App. at Nashville, April 5, 2011), *perm. app. denied*, (Tenn. July 14, 2011). On direct appeal, this Court invalidated the plea agreement, finding, among other things, that the trial court lacked jurisdiction to enter the plea agreement where Petitioner had already filed a notice of appeal. This Court then reinstated Petitioner's conviction for especially aggravated robbery. On remand, the trial court reinstated the accompanying twenty-year sentence. Subsequently, Petitioner sought post-conviction relief in which he argued, inter alia, that he received ineffective assistance of counsel at trial. Following a hearing, the post-conviction court entered an order denying Petitioner relief. On appeal, Petitioner argues that the post-conviction court erred in dismissing his Petition for Post-Conviction Relief based on ineffective assistance of his trial counsel. After a thorough review of the record, we affirm the judgment of the post-conviction court denying the petition for relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and JEFFREY S. BIVINS, JJ., joined.

Jason Chaffin, Nashville, Tennessee for the petitioner, Leonard Allen.

Robert E. Cooper, Jr., Attorney General and Reporter; Cailtin E.D. Smith, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

On January 3, 2003, Petitioner was indicted by the Davidson County Grand Jury for especially aggravated robbery for incidents that took place at a Dollar General on Antioch Pike in Nashville on December 9, 2001. After a jury trial, Petitioner was found guilty of especially aggravated robbery, a Class A felony. *See* T.C.A. § 39-13-403. Petitioner was sentenced to twenty years at one hundred percent on March 15, 2006.

Petitioner filed a pro se "Petition for Post-Conviction Relief And/Or New Trial" on June 20, 2006, claiming that he received ineffective assistance of counsel. On August 7, 2006, Petitioner, through newly appointed counsel, filed a motion requesting permission to late-file a motion for new trial, and the motion was granted on September 15, 2006.

Petitioner properly filed a motion for new trial September 21, 2006. He argued that the trial court erred by failing to grant his motion for judgment of acquittal, after the close of the State's proof because the evidence was insufficient to support the conviction. Specifically, he argued that his identity was not established by the proof. Petitioner filed an amended motion for new trial, contending that he received ineffective assistance of trial counsel.

The trial court held a hearing on the motion. The trial court denied the motion by order on October 24, 2007. The order refused to address Petitioner's ineffective assistance counsel claims in order to preserve those claims for a later time. The trial court found that Petitioner's identity was sufficiently established by the victim's testimony, which the jury accredited. On November 7, 2007, Petitioner filed a notice of appeal to this Court.

On January 22, 2008, for reasons that are not entirely clear from the record on appeal, Petitioner filed a petition to plead guilty to aggravated robbery in exchange for a sentence of

ten years at thirty percent.[1] That same day, the trial court set aside Petitioner's conviction for especially aggravated robbery and entered an amended judgment. The amended judgment reflected Petitioner's guilty plea to aggravated robbery and a sentence of ten years at thirty percent. Petitioner was to receive credit for time served and serve the balance of the sentence on probation. The judgment form indicated that both Petitioner and the State agreed to the plea and sentence. Additionally, the judgment form vacated the conviction for especially aggravated robbery.

Petitioner appealed, arguing that his plea agreement was invalid because it was entered when he had a pending notice of appeal, that the trial court committed plain error by admitting a photograph array into evidence at trial, and that the evidence was insufficient to support the conviction. The facts leading up to the indictment and resulting conviction established that the manager of the Dollar General, Bernadette Woodbury, was working at the store on Antioch Pike in Nashville on the evening of December 9, 2001. *Leonard Allen*, 2011 WL 1344462, at *1. As she emptied a money drawer and carried the money to the safe, she was approached by an African-American man dressed in camouflage wearing dark rimmed glasses. He was holding a handgun, pushed and hit Ms. Woodbury, and threatened her life. She lost consciousness. When she awoke, the perpetrator was gone, along with over $700. She was unable to identify Petitioner in a photographic array at the hospital but identified clothing similar to the clothing worn by the perpetrator.

Several months later, Ms. Woodbury was at work and heard a familiar voice. *Id.* at *2. She identified the voice as that of the perpetrator and gave police a description of the car the man was driving. Shortly thereafter, Ms. Woodbury was shown a new photographic array in which she identified Petitioner.

When Petitioner's home was searched, police located a camouflage jacket, camouflage pants, and a pair of black-framed glasses. During his testimony at trial, Petitioner admitted to going to the Dollar General on occasion and admitted that he owned the clothing but denied wearing it to the store. *Id.* at *3. Petitioner denied owning a handgun or cellular phone. Petitioner also denied having a criminal history. On cross-examination, he admitted to several prior convictions.

On direct appeal, this Court determined the trial court did not have proper authority to permit the plea agreement entered on January 22, 2008, because Petitioner had already filed a notice of appeal from his conviction for especially aggravated robbery. This Court

---

[1]This plea agreement pertained to the events for which Petitioner had already been convicted of especially aggravated robbery.

relied on *State v. Green*, which held, "In a criminal case, when a notice of appeal is filed, the jurisdiction of the Criminal Appeals attaches, and the trial court loses jurisdiction . . . Any judgments made outside the court's jurisdiction are void." 106 S.W.3d 646, 648-49 (Tenn. 2003) (citing *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996); *State v. Peale*, 58 S.W.3d 701, 704 (Tenn. 2001)). As a result of the trial court's lack of jurisdiction, this Court affirmed Petitioner's original conviction for especially aggravated robbery and reinstated the twenty-year sentence.

In addition, this Court determined that the photographic array introduced at trial was unduly suggestive but that Petitioner was not entitled to plain error relief because "consideration of the error [was not] necessary to do substantial justice." *Id.* at *7. Specifically, the court found that the victim's facial and voice recognition of Petitioner, the fact that camouflage clothing and black rimmed glasses were found in his apartment, and the lack of credibility of Petitioner's own testimony provided ample evidence independent of the photographic identification such that its admission probably did not change the outcome of the trial. *Id.* Consequently, this Court also determined that the evidence was sufficient to support the conviction for especially aggravated robbery. *Id.* at *8.

After the supreme court denied permission to appeal, Petitioner timely filed a pro se "Petition for Post-Conviction Relief And/Or a New Trial." Counsel was appointed and Petitioner filed an "Amended Petition for Post-Conviction Relief." The petition raised various claims of ineffective assistance of counsel, including: (1) trial counsel's failure to communicate with Petitioner, or provide Petitioner with the State's discovery; (2) trial counsel's failure to properly investigate, or hire an investigator, and his failure to pursue witnesses; (3) trial counsel's failure to prepare Petitioner for trial; (4) trial counsel's failure to file a motion to suppress or otherwise object to the introduction of the photographic lineup identification; (5) trial counsel's failure to make him aware of plea offers; and (6) trial counsel's substandard guidance advising Petitioner not to accept the State's final plea offer.

The post-conviction court held an evidentiary hearing on the petition. Petitioner testified at the hearing that he retained trial counsel to represent him after being charged with especially aggravated robbery. Petitioner further testified that his case was pending for three-and-one-half years and that he made twenty-three courtroom appearances prior to trial, but that trial counsel only met with him twice outside of the courtroom to discuss the case. During this time, Petitioner swore trial counsel neither discussed the amount of time Petitioner would face if he were convicted, nor communicated the potential sentences for lesser-included offenses to Petitioner's charged crime. Finally, Petitioner testified that, during this period, trial counsel never provided Petitioner with documents pertinent to his

defense or copies of the evidence the State would later attempt to employ in obtaining Petitioner's conviction.

Additionally, Petitioner testified that trial counsel never discussed the possibility of obtaining an investigator to interview potential witnesses. Trial counsel testified that he did not seek to hire an investigator, nor have one appointed, because there were no other witnesses to the robbery other than the identifying victim. He did not speak with the other employees because, per the victim's account, they did not see anything happen. Trial counsel then explained that the theory of his case was that the victim had misidentified Petitioner because of her mental state. Trial counsel chose not to offer witnesses that would discredit the victim's account.

Petitioner also testified that, prior to trial, he made trial counsel aware of two potential alibi witnesses. The first witness was Petitioner's supervisor, who, according to Petitioner, would verify that he went to work the night of the robbery. The second witness was Petitioner's girlfriend, who would apparently testify that she saw Petitioner the night of the robbery. Trial counsel testified that he did not pursue the witnesses suggested by Petitioner because he was not convinced they could provide a complete alibi. Specifically, he recalled that "the timing when [Petitioner] was at work and the window of opportunity was such that whether he was at work or not that night wasn't going to necessarily exonerate him."

Petitioner also argued that trial counsel failed to adequately prepare him for trial. Petitioner testified that, prior to their last day of trial, counsel never prepared Petitioner to take the stand, and trial counsel did not convey the potential perils that Petitioner could be subjected to by taking the stand in his own defense. During his trial testimony, Petitioner made the statement that he and his siblings, "never had any [legal] problems worse than a speeding ticket." As a result of Petitioner's claim, approximately nine prior arrests were submitted into evidence by the State for impeachment purposes. Trial counsel did not object to prior convictions being entered into evidence because Petitioner had "opened the door" to the proper admission of that evidence. Petitioner claimed that trial counsel's inability to prepare him for testimony permitted the prosecution to offer Petitioner's criminal record into evidence to impeach his character.

Trial counsel did admit that, had Petitioner not "opened the door" to allow his prior convictions to be entered into evidence, the trial "could have gone a different way." However, trial counsel testified that he told Petitioner on several occasions how to prevent his prior convictions from being admitted. Trial counsel stated that he and Petitioner evaluated the testimony that Petitioner would give at trial, and that he clearly described that, unless Petitioner "opened the door," his prior convictions could not be mentioned to impeach

his testimony. Trial counsel recalled that he and Petitioner spoke on this issue for at least twenty minutes.

Petitioner also argued that trial counsel failed to file a motion to suppress the photographic lineup identification. The lineup contained six African-American males around the age that the victim identified. However, Petitioner was the only one of the six that was dressed in camouflage and black glasses, which were very similar to what the victim stated the assailant was wearing. *Leonard Allen*, 2011 WL 1344462, at *6. Trial counsel testified that he did not object or file any motions to prohibit the photographic lineup identification, because he did not recognize any problems with the lineup.

Lastly, Petitioner alleged that trial counsel did not adequately inform him of the State's plea offers. On the day of trial, trial counsel informed Petitioner of a plea offer that included a three-year sentence. However, Petitioner insisted that he declined the State's offer based on trial counsel's advice "that [Petitioner] should not plead guilty to a charge if he did not commit the offense." Petitioner testified that counsel never make him aware of any other plea offers. Trial counsel stated that he reviewed plea offers with Petitioner, but Petitioner chose not to accept them.

The post-conviction court denied relief, finding that Petitioner had failed to prove by clear and convincing evidence that he had received ineffective assistance of counsel. Petitioner filed a timely notice of appeal.

*Analysis*

Both the federal and state constitutions require that a defendant in a criminal case receive effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975); *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by the trial counsel were deficient and (b) that the deficient performance was prejudicial. *See Strickland*, 466 U.S. at 694; *Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the attorney's performance was below "the range of competence demanded of attorneys in criminal cases." *Baxter*, 523 S.W.2d 930, 936. In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694. "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective counsel, failure to prove either deficient performance or

resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley v. State*, 960 S.W.2d 572, 579 (Tenn. 1997). Therefore, "[i]f either element of ineffective assistance of counsel has not been established, a court need not address the other element." *Howell v. State*, 185 S.W.3d 319, 326 (Tenn. 2006).

The post-conviction court's findings of fact are conclusive on appeal unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). Questions concerning the credibility of the witness, the weight and value given to their testimony, and the factual issues raised by the evidence are to be resolved by the post-conviction court and should not be re-evaluated by the appellate court. *Henley*, 960 S.W.2d at 580. However, "[r]eview of a trial court's application of the law to the facts of a particular case is de novo, with no presumption of correctness." *Burns*, 6 S.W.3d at 461. Cases involving mixed questions of law and fact, such as "deficient performance by counsel and possible prejudice to the defense," are also reviewed under the de novo standard. *Id.*

We determine that Petitioner has failed to demonstrate that trial counsel was deficient in failing to discuss discovery, review evidence, prepare him to take the stand in his own defense, or inform him of the potential lesser-included offenses of which he could be convicted. Trial counsel testified at the evidentiary hearing that he adequately discussed the aforementioned issues with Petitioner prior to trial and that they met frequently to discuss the case. The post-conviction court accredited the trial counsel's testimony rather than Petitioner's, as trial counsel was "a well-respected attorney of high moral character." Additionally, the post-conviction court concluded that Petitioner's lack of candor on the witness stand damaged his credibility. The credibility and weight of witness testimony are to be resolved by the post-conviction court. *See Henley*, 960 S.W.2d at 580. We determine that Petitioner has failed to present evidence that preponderates against the findings of the post-conviction court. Petitioner is not entitled to relief on this issue.

Petitioner argues on appeal that trial counsel was deficient because he failed to properly investigate or subpoena potential witnesses. It is well-settled that a post-conviction petitioner making a claim regarding the failure to call a witness bears a duty to present the witness at the post-conviction hearing in order to enable this Court to determine whether his or her testimony might have altered the results of the trial. *See Black v. State*, 794 S.W.2d 753, 757 (Tenn. Crim. App. 1990). Because Petitioner failed to produce such witnesses at the hearing, he is not entitled to relief based on a claim that the failure to call such witnesses at trial amounted to ineffective assistance of counsel.

Similarly, Petitioner has failed to show that trial counsel was deficient in preparing Petitioner to testify on his own behalf by warning him that his prior criminal history could be used as impeachment. "If witnesses make sweeping claim[s] of good conduct on direct examination, they may open the door to cross-examination . . . as rebuttal of the broad claim . . . to show untruthfulness." *See* Tenn. R. Evid. 608, Advisory Comm. Cmts.; *see also State v. Miller*, 647 S.W.2d 279, 284 (Tenn. 1984). Petitioner certainly made "a sweeping claim of good conduct" by his own testimony that he had no criminal history, which "opened the door" to properly allow the prosecution to question Petitioner about his former convictions. Counsel attempted to rehabilitate Petitioner's credibility, nevertheless Petitioner continued to maintain falsely that he did not have a criminal history. Additionally, the post-conviction court accredited the testimony of trial counsel that he and Petitioner had several discussions regarding Petitioner's testimony and that he warned Petitioner that his prior convictions could be used for impeachment if Petitioner "opened the door." Petitioner has failed to present evidence that preponderates against this finding.

Next, Petitioner insists that trial counsel should have filed a motion to suppress the photographic lineup identification of Petitioner. Petitioner argues that because he was the only suspect in the photo wearing camouflage and black glasses similar to the clothing described by the victim, the photograph was unduly suggestive. On direct appeal, this Court noted that in order to grant relief on the photo array issue, "the 'plain error' must be of such great magnitude that it probably changed the outcome of the trial." *Leonard Allen*, 2011 WL 1344462 at *7 (*quoting State v. Adkisson*, 889 S.W.2d 626, 642 (Tenn. Crim. App. 1994)). We noted that the victim identified Petitioner as her assailant through recognition of his voice and the clothing in his apartment. In other words, the direct evidence of the voice recognition, together with the circumstantial evidence of the clothing found matching the victim's description provided sufficient proof for the guilty verdict despite the erroneous admission of the suggestive photo array. Therefore, even if trial counsel's performance was deficient in this regard, this Court has already found that any failure to challenge the photographic array would not have changed the result of the trial. Thus, Petitioner has failed to established any prejudice with respect to this issue.

Finally, Petitioner suggests that trial counsel's failure to make him aware of proposed plea bargains and advice on refusing the State's last plea agreement were sufficient grounds for a finding of ineffective assistance of counsel. Petitioner has not presented any evidence, other than his own testimony. The post-conviction court determined Petitioner lacked the credibility and candor to support his testimony, in part due to his own conflicting statements. This Court concludes that Petitioner has failed to prove by clear and convincing evidence that counsel's performance was deficient or prejudicial. Therefore he is not entitled to relief. Petitioner has failed to meet his burden of establishing that counsel's performance was

deficient or that the outcome of the proceedings were prejudiced by counsel's alleged failure to communicate plea offers to Petitioner.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____

JERRY L. SMITH, JUDGE