IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 27, 2019

**STEPHEN RICHARD MAYES v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Wayne County**
**No. 16364    Robert L. Jones, Judge**

_____

**No. M2018-01459-CCA-R3-HC**
_____

The Petitioner, acting pro se, appeals from the denial of his petition for writ of habeas corpus relief.  Upon our review, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which TIMOTHY L. EASTER, and J. ROSS DYER, JJ., joined.

Stephen Richard Mayes, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Assistant Attorney General; Brent A. Cooper, District Attorney General; for the Appellee, State of Tennessee.

**OPINION**

On May 21, 2014, the Petitioner entered a guilty plea to aggravated kidnapping. State v. Stephen Richard Mayes, No. E2018-00612-CCA-R3-CD, 2019 WL 1011979, at *1 (Tenn. Crim. App. Mar. 4, 2019), perm. app. denied (Tenn. June 19, 2019).  As part of the plea agreement, the State dismissed four other counts of especially aggravated kidnapping, aggravated robbery, and two counts of aggravated assault.  "Handwritten on the waiver of jury trial and acceptance of guilty plea form signed by [the Petitioner] in the recommended sentence section [was]: '15 years to serve sentence being outside of Range I 100% with possible 15% off for Good Behavior And sentencing credits costs.  All other counts dismissed.'"  Id. at *1.  During the plea colloquy, the State informed the trial court that the Petitioner was pleading to aggravated kidnapping, that the recommended sentence was fifteen years, and that the Petitioner, a Range II offender, was "obviously, pleading out of range[,]" and that as the crime was a violent offense, service of the sentence was going to be at one hundred percent.  The parties agreed that the Petitioner

could potentially be entitled to fifteen percent credit for good behavior. The trial court ensured that the Petitioner understood the rights that he was waiving by pleading guilty to the charged offense. The trial court informed the Petitioner that he was entering his guilty plea as a Range II offender, which had a sentencing range of twelve to twenty years. The trial court informed the Petitioner that the service of the sentence would be 100% less any time for good behavior. The Petitioner informed the trial court that he had not taken any medication in the last 24 hours and that he was "technically" married. The Petitioner said that he was homeless and that he was the father of six minor children. The Petitioner said that he understood his rights and that he wanted to plead guilty. Id. The trial court entered the agreed upon out-of-range sentence of fifteen years of incarceration, to be served as a Range II offender.

Nearly four years later, on March 12, 2018, the Petitioner filed a motion to correct an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure, contending that his sentence directly contravenes the applicable statute because "he was pleading guilty as a Range I offender but sentenced outside the applicable range at fifteen years." He argued further that he was "suffering 'serious mental illness' that rendered him incompetent at the time of his guilty plea." Id. The trial court summarily dismissed his motion, and this court affirmed, reasoning as follows:

> Generally, a trial court's error "in offender classification" will not "render the sentence illegal so long as the classification falls with the purview of the Sentencing Act." Cantrell v. Easterling, 346 S.W.3d 445, 458 (Tenn. 2011). The only time an error in the classification of an offender would ever rise to the level of an illegal sentence would be if a trial court, somehow, classified a defendant in a category not available under the Sentencing Act. Id. at 458-59. Put another way, an offender classification would create an illegal sentence only if the trial court classified the defendant in a category for which it did "not have the authority or the jurisdiction to classify a defendant." Id. at 458. Otherwise, "[c]orrection of an alleged error in offender classification must be sought on direct appeal." Id.

> Furthermore, our courts have long recognized "the ability of the State and defendants to use offender classification and release eligibility as subjects of plea bargain negotiations" which "are properly characterized as non-jurisdictional." McConnell v. State, 12 S.W.3d 795, 798 (Tenn. 2000). That appears to be just what occurred here. The [Petitioner] pleaded guilty to one count of a five-count indictment. In exchange, the State agreed to a fifteen-year sentence, which was within the range for a Class B felony but above the range for a Range I offender. The [Petitioner] acknowledged at

the guilty plea hearing that he understood his sentence, the classification, and the applicable range. The [Petitioner] is not entitled to relief on this issue.

Stephen Richard Mayes, 2019 WL 1011979, at *3.

On June 14, 2018, the Petitioner filed a petition for writ of habeas corpus, arguing, yet again, that his agreed upon sentence is illegal. On July 19, 2018, the State filed a motion to dismiss the petition for writ of habeas corpus, which was granted by order of the habeas corpus court on August 3, 2018. On August 6, 2018, the Petitioner filed a motion for relief from judgment or order, alleging that he was not served with the State's motion to dismiss, which denied him due process by not having the opportunity to respond. The Petitioner filed a notice of appeal with this court on August 10, 2018. On September 12, 2018, the habeas corpus court filed an order granting the Petitioner an additional 30 days to respond to the State's motion to dismiss, and the Petitioner filed his response on October 11, 2018. On November 15, 2018, the habeas corpus court entered a "final order denying relief from order granting motion to dismiss."[1]

## ANALYSIS

The Petitioner asserts that his fifteen-year sentence is illegal because it is outside the range for a standard offender for a Class B felony. He also asserts that the "uninform judgment order reflects a Range II offender classification that was not the agreement between the State and the [Petitioner]." He argues, as a result, that his plea was not knowingly and voluntarily entered, the judgment is void, and the habeas corpus court erred by dismissing his petition for relief. The State responds that the Petitioner's sentence is not illegal and that he is entitled to no relief. We agree with the State.

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Accordingly, our review is de novo without a presumption of correctness. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)).

A prisoner is guaranteed the right to seek habeas corpus relief under Article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; see Tenn. Code Ann. §§ 29-21-101 to -130. The grounds upon which a writ of habeas corpus may be issued,

---

[1] The State notes that the trial court was without authority to grant the Petitioner additional time to respond once he filed the notice of appeal. "When an appeal is filed, the trial court loses jurisdiction, and the jurisdiction of the Court of Criminal Appeals attaches." State v. Peele, 58 S.W.3d 701, 704 (Tenn. 2001). Therefore, while this is true, this case is nevertheless properly before this Court on appeal.

however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)). A habeas corpus petition challenges void and not merely voidable judgments. Summers, 212 S.W.3d at 255 (citing Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64). However, a voidable judgment "is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers, 212 S.W.3d at 256 (citing Dykes, 978 S.W.2d at 529; Archer, 851 S.W.2d at 161-64). Thus, "[i]n all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances." State v. Ritchie, 20 S.W.3d 624, 633 (Tenn. 2000). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). If this burden is met, the Petitioner is entitled to immediate release. State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986) (citing Ussery v. Avery, 432 S.W.2d 656, 658 (Tenn. 1968)).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004). Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Summers, 212 S.W.3d at 261; Hickman, 153 S.W.3d at 20. "The petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition, including consideration of whether counsel should be appointed." Summers, 212 S.W.3d at 261.

In this case, the Petitioner has raised the same issue that was rejected by this court in his appeal from the denial of relief pursuant to Rule 36.1. See Stephen Richard Mayes, 2019 WL 1011979, at *3. In that case, we determined that the Petitioner's sentence was not illegal for purposes of Rule 36.1 because the Petitioner's offender classification was within the purview of the Sentencing Act, and the parties used the Petitioner's offender classification, which is non-jurisdictional, as part of the plea bargaining negotiations.

- 4 -

Based on the same reasoning and authority, we conclude that the Petitioner is not entitled to habeas corpus relief.  See Davis v. State, 313 S.W.3d 751, 759-60 (Tenn. 2010) (noting that "parties may agree to a 'hybrid' sentence that 'mixes and matches' range assignment, term of years, and release eligibility without regard to what our sentencing scheme might call for absent a plea bargain so long as (1) the term of years is within the overall range of years specified for the offense, and (2) the RED (release eligibility date) is not less than the minimum allowable for the offense"); see also State v. Wooden, 478 S.W.3d 585, 594-95 (Tenn. 2015)(noting that the definition of an "illegal sentence" under Rule 36.1 "is coextensive with, and actually mirrors," the definition of illegal sentence for purposes of a petition for writ of habeas corpus).

Additionally, to the extent that the Petitioner claims that his guilty plea was unknowingly and involuntarily entered, he is likewise not entitled to habeas corpus relief. Archer, 851 S.W.2d at 164 (noting that a challenge to the voluntariness of a guilty plea requires proof beyond a facially valid judgment and is therefore not void but merely voidable).  Because the Petitioner has failed to carry his burden of establishing that the habeas corpus court erred in dismissing his motion, he is not entitled to relief.

## CONCLUSION

Based on the above authority and analysis, we affirm the dismissal of the petition for writ of habeas corpus.

_____
CAMILLE R. MCMULLEN, JUDGE