IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 4, 2020

## ROBERT SIMMONS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 15-05086       Lee V. Coffee, Judge**

_____

**No. W2019-00580-CCA-R3-PC**

_____

The Petitioner, Robert Simmons, appeals the Shelby County Criminal Court's summary dismissal of his pro se petition for post-conviction relief. The Petitioner maintains that he timely filed his petition and is entitled to a hearing. After a review of the record and applicable law, we affirm the post-conviction court's summary dismissal of the petition.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Robert Simmons, Memphis, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; and Amy P. Weirich, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTUAL AND PROCEDURAL HISTORY

On October 8, 2015, the Shelby County Grand Jury indicted the Petitioner for an aggravated rape that occurred on November 19, 1999. On August 24, 2017, the Petitioner pleaded guilty to the lesser charge of attempted rape with an agreed-upon sentence of eight years' incarceration as a multiple offender. On February 5, 2019, the Petitioner executed a pro se petition for post-conviction relief in which he raised claims of newly discovered evidence and ineffective assistance of counsel. The Petitioner

attached to his petition a hand-written memorandum in which he stated that during the plea hearing, trial counsel assured him that an appeal would be filed challenging his sentence and the denial of a motion to dismiss. The Petitioner asserted that he did not become aware that trial counsel failed to file a notice of appeal until July 2018 when a relative called trial counsel and asked about the status of his appeal.

On February 19, 2019, the post-conviction court entered an order summarily dismissing the petition as being untimely filed. The clerk of this court received the Petitioner's notice of appeal on April 1, 2019.

## ANALYSIS

On appeal, the Petitioner maintains that post-conviction court erred in summarily dismissing his petition as being untimely and asserts that due process requires the tolling of the statute of limitations. The State argues that the post-conviction court properly dismissed the petition because the petition was untimely and that the statute of limitations should not be tolled because the Petitioner has waived this issue. Additionally, the State asserted that the Petitioner's notice of appeal was also untimely. In the Petitioner's reply brief, he maintains that the notice of appeal was timely.

"In an appeal as of right to the Supreme Court, Court of Appeals or Court of Criminal Appeals, the notice of appeal required by Rule 3 shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). This court can waive the timelines of filing the notice of appeal when we determine that such waiver is in the interest justice. *Id.* The post-conviction court entered its order summarily dismissing the petition on February 19, 2019. The Petitioner was required to file his notice of appeal by March 21, 2019, thirty days after the date of the entry of the order. Tenn. R. App. P. 3(a). Filings by a pro se inmate are considered timely "if the paper was delivered to the appropriate individual at the correctional facility within the time set for filing," even if the filing is not received by the court clerk until after the deadline has passed. Tenn. R. Crim. P. 49(d)(1). The handwritten notice of appeal states that it was "[e]xecuted this 18th day of March, 2019." The notice of appeal was stamped filed by the clerk of this court on April 1, 2019, more than thirty days after the entry of the post-conviction court's order. An envelope is attached to the notice of appeal within the record, but the post mark on that envelope is indecipherable. Even if the Petitioner's notice of appeal is untimely, we waive the timeliness requirement for filing the notice of appeal. *See* Tenn. R. App. P. 4(a).

This court reviews a post-conviction court's summary dismissal of a post-conviction petition de novo. *See Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002). Post-conviction relief is available to petitioners for any conviction or sentence that is

"void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. A petition for post-conviction relief is required to be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final." T.C.A. § 40-30-102(a). As a general rule, a trial court's judgment becomes final thirty days after its entry "unless a timely notice of appeal or specified post-trial motion is filed." *State v. Peele*, 58 S.W.3d 701, 704 (Tenn. 2001).

The Petitioner recognizes that he did not file his petition within the one-year statute of limitations, but he argues that due process requires tolling of the statute of limitations. The State maintains that the Petitioner waived this argument because it was raised for the first time on appeal and that he has failed to establish that he is entitled to tolling of the statute of limitations. Due process may necessitate the tolling of the statute of limitations. *See Seals v. State*, 23 S.W.3d 272, 278-79 (Tenn. 2000). "Issues regarding whether due process require[s] the tolling of the post-conviction statute of limitations are mixed questions of law and fact and are, therefore, subject to de novo review." *Whitehead v. State*, 402 S.W.3d 615, 621 (Tenn. 2013). A petitioner is "entitled to due process tolling of the one-year statute of limitations upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Bush v. State*, 428 S.W.3d 1, 22 (Tenn. 2014) (citing *Whitehead*, 402 S.W.3d at 631). In *Whitehead*, our supreme court identified three circumstances that allow for equitable tolling: 1) when the claim for relief arises after the statute of limitations has expired; 2) when a petitioner's mental incapacities prevent the petitioner from filing prior to the expiration of the statute of limitations; and 3) when attorney misconduct necessitates the tolling of the statute of limitations. *Whitehead*, 402, S.W.3d at 620-21.

The State notes that on the form petition for post-conviction relief, the Petitioner responded "N/A" to the question of why the statute of limitations should not bar his claim. The Petitioner attached a handwritten document to his petition, in which he asserted that trial counsel assured him that an appeal would be filed challenging the dismissal of a motion to dismiss and challenging the Petitioner's sentence. The Petitioner argues on appeal that he is entitled to equitable tolling due to trial counsel's alleged inadequacies. Attorney misconduct is a basis for the tolling of the statute of limitations. *Id.* Accordingly, we will address the merits of the Petitioner's claim.

The Petitioner relies on *Williams v. State*, 44 S.W.3d 464 (Tenn. 2001), as support for his argument that he is entitled to due process tolling of the statute of limitations. In *Williams*, our supreme court recognized that attorney misconduct can cause due process concerns that would require equitable tolling of the statute of limitations for the filing of

a petition for post-conviction relief. *Id.* at 471. The court stated that "[t]he question, then, is whether the appellee in this case was, in fact misled to believe that counsel was continuing the appeals process, thereby requiring the tolling of the limitations period." *Id.* A petitioner is entitled to due process tolling "upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Bush*, 428 S.W.3d at 22. Regarding the first prong of the analysis, the court stated that "pursuing one's rights diligently 'does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts [to pursue his or her claim].'" *Id.* (quoting *Whitehead*, 402 S.W.3d at 631). "[T]he second prong is met when the prisoner's attorney of record abandons the prisoner or acts in a way directly adverse to the prisoner's interests, such as by actively lying or otherwise misleading the prisoner to believe things about his or her case that are not true." *Whitehead*, 402 S.W.3d at 631.

The Petitioner has not established that trial counsel's actions caused the untimeliness of his filing of the petition. He asserted in his petition that he did not become aware of trial counsel's failure to file a notice until July 2018. We note that at that time, the Petitioner had at least two months to file his pro se petition for post-conviction relief. He failed to file his petition during those months and instead waited until February 5, 2019, approximately seven months after learning of counsel's failure to file a notice of appeal, before filing his petition. *See Charles Brenden Davis v. State*, No. M2016-02512-CCA-R3-PC, 2017 WL 2257704, at *4 (Tenn. Crim. App. May 23, 2017) (concluding that the petitioner was not entitled to the tolling of the statute of limitations when he could have timely filed his petition after receiving his case file, even if he could no longer timely file his Rule 11 application); *Marcus Johnson v. State*, No. E2013-01464-CCA-R3-PC, 2014 WL 1118018, at *2 (Tenn. Crim. App. Mar. 20, 2014) (concluding that the petitioner was not entitled to equitable tolling due to trial counsel's failure to provide him with his case file when the petitioner received his case file from trial counsel three months before the statute of limitations expired). The Petitioner has also failed to show that an extraordinary circumstance prevented him from timely filing his petition. Due process tolling "'must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" *Whitehead*, 402 S.W.3d at 621 (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). Due process does not require the statute of limitations to be tolled here because the circumstances are not external to the Petitioner's own conduct.

**CONCLUSION**

Based on the foregoing, we affirm the judgment of the post-conviction court.

 

 

_____

JOHN EVERETT WILLIAMS, PRESIDING JUDGE