FILED
06/22/2020
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 15, 2020

## PEDRO IGNACIO HERNANDEZ v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
No. 2011-A-525     Monte Watkins, Judge
_____

**No. M2019-01305-CCA-R3-PC**
_____

The Petitioner, Pedro Ignacio Hernandez, appeals the post-conviction court's summary dismissal of his post-conviction petition without a hearing to determine whether due process dictates the tolling of the statute of limitations. The State concedes that the post-conviction court erred in dismissing the petition without a hearing to address the Petitioner's tolling argument. We agree. We reverse the judgment of the post-conviction court and remand for appointment of counsel and a hearing to determine whether the Petitioner is entitled to due process tolling of the statute of limitations.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

Pedro Ignacio Hernandez, pro se, Clifton, Tennessee.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Senior Assistant Attorney General; and Glenn Funk, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS AND PROCEDURAL BACKGROUND

The Petitioner was indicted on ten counts of rape of a child and five counts of aggravated sexual battery. *State v. Pedro Ignacio Hernandez*, No. M2013-01321-CCA-R3-CD, 2014 WL 3740028, at *1 (Tenn. Crim. App. July 29, 2014), *perm. app. denied,*

*designated not for citation* (Tenn. Dec. 19, 2014). A jury convicted the Petitioner of three counts of rape of a child, one count of attempted rape of a child, and five counts of aggravated sexual battery. *Id.* The trial court dismissed two of the counts of rape of a child for insufficient evidence and declared a mistrial with respect to the third count of rape of a child based on the State's motion. *Id.* The jury acquitted the Petitioner of two counts of rape of a child and one count of aggravated sexual battery. *Id.* The trial court sentenced the Petitioner to twenty-eight years for each conviction of rape of a child and ten years for each conviction of aggravated sexual battery and for the conviction of attempted rape of a child. *Id.* at *7. The trial court ordered the Petitioner to serve the sentences for rape of a child consecutively to each other and concurrently with the sentences for the remaining convictions, for an effective sentence of eighty-four years at one hundred percent. *Id.*

On direct appeal, this court modified the Petitioner's sentences for his convictions for rape of a child to twenty-five years each and otherwise affirmed the trial court's judgments. *Id.* at *39-40. On December 19, 2014, the Tennessee Supreme Court entered an order denying the Petitioner's application for permission to appeal and designating this court's opinion "Not for Citation." On January 29, 2015, the trial court entered amended judgments in accordance with this court's opinion.

On April 24, 2019, the Petitioner filed a pro se petition for writ of error coram nobis and for post-conviction relief. The Petitioner acknowledged in his petition that his requests for post-conviction and coram nobis relief were untimely. With respect to his request for post-conviction relief, the Petitioner maintained that the statute of limitations should be tolled based on post-conviction counsel's failure to timely file a petition for post-conviction relief. The Petitioner asserted that he was led to believe that post-conviction counsel, whom he retained, would timely file a petition for post-conviction relief. The Petitioner noted that because he was represented by counsel, he was prevented from filing a pro se petition for post-conviction relief. He argued that he was diligent in pursuing his post-conviction rights and that he was entitled to tolling of the statute of limitations. The Petitioner attached two affidavits to his petition. The affidavits of the Petitioner's friends, Mr. Ruben Cruz and Ms. Milagro Cruz, stated that while the Petitioner's direct appeal was pending in 2013, they consulted with post-conviction counsel to represent the Petitioner in post-conviction proceedings and that they made a series of payments totaling over $3,500 to post-conviction counsel for his representation of the Petitioner.

On June 28, 2019, the post-conviction court entered an order summarily denying and dismissing the petitions for both writ of error coram nobis and post-conviction relief. Relying on Tennessee Code Annotated section 40-30-102(a), the post-conviction court found that the petition for post-conviction relief was filed outside of the one-year statute

of limitations. The post-conviction court did not address the Petitioner's claim of due process tolling with respect to the Petitioner's request for post-conviction relief, although it addressed a separate due process argument in dismissing the petition for error coram nobis. The Petitioner filed a timely notice of appeal.

## ANALYSIS

On appeal, the Petitioner maintains that the post-conviction court erred when it dismissed his petition for post-conviction relief without first conducting an evidentiary hearing to address his due process tolling argument. The Petitioner does not challenge the post-conviction court's dismissal of his request for coram nobis relief. The State concedes that the post-conviction court erred in summarily dismissing the petition for post-conviction relief without conducting a hearing to determine if due process requires the tolling of the statute of limitations. We agree.

This court reviews a post-conviction court's summary dismissal of a post-conviction petition de novo. *See Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002). Post-conviction relief is available to petitioners for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. A petition for post-conviction relief is required to be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final." T.C.A. § 40-30-102(a). As a general rule, a trial court's judgment becomes final thirty days after its entry "unless a timely notice of appeal or specified post-trial motion is filed." *State v. Peele*, 58 S.W.3d 701, 704 (Tenn. 2001). The Petitioner recognizes that he did not file his petition within the one-year statute of limitations; nevertheless, he argues that due process requires tolling of the statute of limitations.

Due process may necessitate the tolling of the statute of limitations. *See Seals v. State*, 23 S.W.3d 272, 278-79 (Tenn. 2000). "Issues regarding whether due process require[s] the tolling of the post-conviction statute of limitations are mixed questions of law and fact and are, therefore, subject to de novo review." *Whitehead v. State*, 402 S.W.3d 615, 621 (Tenn. 2013). A petitioner is "entitled to due process tolling of the one-year statute of limitations upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Bush v. State*, 428 S.W.3d 1, 22 (Tenn. 2014) (citing *Whitehead*, 402 S.W.3d at 631). In *Whitehead*, our supreme court identified three circumstances that allow for equitable tolling: 1) when the claim for relief arises after the statute of limitations has expired; 2) when a petitioner's mental incapacities prevent the petitioner from filing prior to the expiration of the statute of limitations; and 3) when

- 3 -

attorney misconduct necessitates the tolling of the statute of limitations. *Whitehead*, 402 S.W.3d at 620-21. "[B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner." *Buford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992).

The Petitioner argued in his petition for post-conviction relief that post-conviction counsel engaged in attorney misconduct because he failed to timely file a petition for post-conviction relief after he was retained to do so. The Petitioner attached two affidavits to his petition in which Mr. Cruz and Ms. Cruz stated that they paid counsel over $3,500 to represent the Petitioner during the post-conviction process. The post-conviction court summarily dismissed the petition as untimely without addressing the Petitioner's due process argument. We conclude that the post-conviction court erred in summarily dismissing the Petitioner's petition for post-conviction relief. *See Williams v. State*, 44 S.W.3d 464, 468 (Tenn. 2001) (remanding to the post-conviction court for a hearing to determine whether due process required the tolling of the statute of limitations on the basis that "the appellee might have been denied the opportunity to challenge his conviction in a timely manner through no fault of his own but because of the possible misrepresentation of his counsel."); *Latroy Lee Robertson v. State*, No. M2009-01736-CCA-R3-PC, at *4 (Tenn. Crim. App. Aug. 3, 2010) (holding that the post-conviction court erred in summarily dismissing the petitioner's petition as untimely without considering the due process tolling argument that the petitioner made based on his understanding that counsel would counsel to file an appeal).

## CONCLUSION

We reverse the judgment of the post-conviction court and remand for appointment of counsel and a hearing to determine whether the Petitioner is entitled to due process tolling of the statute of limitations.

_____

JOHN EVERETT WILLIAMS, PRESIDING JUDGE