FILED

01/22/2026

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 9, 2025

## STATE OF TENNESSEE v. BOBBY V. SUMMERS

**Appeal from the Criminal Court for Davidson County**
No. 2018-B-885    Angelita Blackshear Dalton, Judge

_____

### No. M2025-00698-CCA-R3-CD
_____

The Defendant, Bobby V. Summers, appeals from the trial court's dismissal of his motion to withdraw his guilty plea to facilitation of first degree murder. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and J. ROSS DYER, JJ., joined.

Bobby V. Summers, Henning, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General; Glenn R. Funk, District Attorney General; and Janice Norman and Jeffrey Jackson, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

In April 2018, a Davidson County Grand Jury indicted the Defendant for first degree premeditated murder, first degree felony murder, especially aggravated robbery, and tampering with evidence. On August 21, 2019, the Defendant pleaded guilty to facilitation of first degree murder in exchange for an out-of-range sentence of sixty years at 60% service, and the remaining counts were dismissed. On April 21, 2025, the Defendant filed a motion to withdraw his guilty plea, alleging that his attorney failed to explain the definition of facilitation. The trial court summarily dismissed his motion, finding that it was untimely. This appeal followed.

The Defendant contends that the trial court erred by dismissing his motion to withdraw his guilty plea. He raises three issues in his appeal: (1) whether his guilty plea was illegal and unconstitutional because his counsel failed to explain the charge of

facilitation; (2) whether his actual innocence tolls the statutory filing period in the interests of justice, due process, and fundamental fairness; and (3) whether he received the ineffective assistance of counsel at his guilty plea hearing. The State counters that the court properly dismissed the Defendant's motion because the court lacked jurisdiction due to the Defendant's untimely filing of the motion. The State also notes that the issues raised in the Defendant's brief relate to the merits of his motion and not to its timeliness. As a result, the State avers that the record contains no evidence or legal findings from which this court could review the Defendant's claims.

Tennessee Criminal Procedure Rule 32(f) states that after a trial court has imposed a sentence but before a judgment becomes final, "the court may set aside the judgment of conviction and permit the defendant to withdraw the guilty plea to correct manifest injustice." Once a defendant enters a guilty plea, the judgment of conviction "becomes final thirty days after acceptance of the plea agreement and imposition of [the] sentence," meaning a defendant "has thirty days within which to . . . [file] a motion to withdraw the previously entered plea pursuant to Rule 32(f)." *State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003). "Generally, a trial court has no power to amend its judgment once the judgment becomes final, and the trial court is without jurisdiction to hear and decide a motion to withdraw a guilty plea after the judgment is final." *Id.* at 648-49 (citing *State v. Peele*, 58 S.W.3d 701, 704 (Tenn. 2001); *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996)).

Here, the Defendant pleaded guilty on August 21, 2019, and the judgment was entered on that date. The judgment became final thirty days after the entry of the judgment. Defendant's motion to withdraw his guilty plea was filed more than five years after the judgment became final. As our supreme court made clear, a trial court is without jurisdiction to hear and decide a motion to withdraw a guilty plea after the judgment is final. *See Green*, 106 S.W.3d at 649. Accordingly, the trial court did not err in dismissing the Defendant's motion. The Defendant is not entitled to relief.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

s/Robert H. Montgomery, Jr.
ROBERT H. MONTGOMERY, JR., JUDGE

-2-