IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs March 3, 2026

**CEDRIC PETER HOPGOOD v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Madison County**
**No. C-25-178      Donald H. Allen, Judge**

_____

**No. W2025-01001-CCA-R3-CD**

_____

The Defendant, Cedric Peter Hopgood, pleaded guilty to multiple felony drug possession offenses and received an agreed-upon sentence of thirty-three years. *See* T.C.A. § 39-17-417 (2025). The Defendant filed a motion to withdraw his guilty pleas, which the trial court summarily denied. On appeal, the Defendant argues that the trial court erred by denying his motion. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and KYLE A. HIXSON, JJ., joined.

Cedric Peter Hopgood, Nashville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Benjamin L. Barker, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The record reflects that on September 26, 2019, the Defendant was convicted in case number 18-846 of a drug possession offense after a jury trial and was later sentenced to fifteen years' confinement. On December 19, 2020, the Defendant pleaded guilty in case number 18-847 to a drug possession offense and received a seven-year sentence to be served consecutively with the sentences imposed in case numbers 18-846 and 18-850 and in an unrelated federal case. On September 14, 2022, the Defendant pleaded guilty in case number 18-850 to a drug possession offense and received a twenty-year sentence to be served concurrently with the sentence in case number 18-847.

On January 5, 2023, the Defendant pleaded guilty in multiple cases to drug possession offenses, which are the subject of the present appeal. The judgment forms reflect that in case number 18-848, the Defendant received a ten-year sentence, and in case numbers 18-849, 18-851, 18-852, 18-853, 18-854-A, and 19-935, the Defendant received thirteen-year sentences in each case. These sentences were to be served concurrently with each other but consecutively to the sentences imposed in case numbers 18-846 and 18-850 and in the federal case.

A portion of the January 5, 2023 guilty plea hearing transcript reflects that the effective sentence resolving all of the Defendant's cases was to be thirty-three years. The prosecutor explained that the sentence imposed in case number 18-846 was fifteen years, which was to be served concurrently with the twenty-year sentence in case number 18-850 and the federal sentence, for an effective twenty-year sentence. The prosecutor stated that the effective thirteen-year sentence in the present cases would be served consecutively to the twenty-year sentence, for an overall sentence of thirty-three years. The prosecutor noted that the seven-year sentence in case number 18-847 was also to be served consecutive to the twenty-year sentence in case number 18-850 and stated that the Defendant was currently serving twenty-seven years and that "[t]his will increase everything to 33 years total." The Defendant understood that although he was serving an effective twenty-seven-year sentence in connection with case numbers 18-850 and 18-847, his additional guilty pleas increased his effective sentence to thirty-three years. The prosecutor acknowledged that the guilty pleas "will add six more years . . . so it's 33 [years] total" and that the federal authorities were allowing the Defendant to serve his sentence concurrently with his state sentences.

On May 30, 2025, the Defendant filed a "petition for common law writ of certiorari," in which he alleged that an illegal addition of six years was added to his effective sentence at the January 5, 2023 guilty plea hearing, that the State breached the agreement with federal authorities because he agreed to supervised federal release for three years after serving eighty-seven months, and that the State committed fraud during the guilty plea hearing. The Defendant argued that the additional six years added to his previous effective twenty-seven-year sentence was illegal and "a Rule 32 violation." The Defendant requested that the trial court vacate the effective thirty-three-year sentence and that he be allowed to withdraw his guilty pleas. Relative to the federal sentence, the Defendant argued that he was "induce[d] by the State to plead guilty to these case dockets running consecutive" to the federal case and that records showed case numbers 18-846 and 18-850 were being served concurrently with the federal sentence, which he alleged was fraudulent conduct by the State. The Defendant requested specific performance of the plea agreement or the ability to withdraw his guilty pleas.

The trial court entered an order summarily denying relief. The court treated the petition as a motion to withdraw guilty pleas pursuant to Tennessee Criminal Procedure Rule 32(f). The court found that the judgment forms were entered on September 9, 2020, in case number 18-846; on September 16, 2020, in case number 18-850; on December 19, 2022, in case number 18-847; and on January 9, 2023 in case numbers 18-848, 18-849, 18-851, 18-852, 18-853, 18-854-A, and 19-935. The court found that the Defendant, who was represented by counsel, entered voluntary and intelligent guilty pleas and that the effective sentence included consecutive service. The court found, however, that the judgments became final thirty days after the entry dates and that the Defendant's motion to withdraw his guilty pleas was filed after the judgments became final. *See* Tenn. R. Crim. P. 32(f)(2). This appeal followed.

The Defendant contends that the trial court erred by denying his motion to withdraw his guilty pleas for the reasons stated in his motion. The State responds that even if the Defendant's allegations are true, the court was deprived of jurisdiction to grant the Defendant's request to withdraw his guilty pleas after the judgments became final. We agree with the State.

Tennessee Criminal Procedure Rule 32(f) states that after a trial court has imposed sentence but before a judgment becomes final, "the court may set aside the judgment of conviction and permit the defendant to withdraw the guilty plea to correct manifest injustice." Manifest injustice is shown, for example, where:

> the plea "was entered through a misunderstanding as to its effect, or through fear and fraud, or where it was not made voluntarily"; (2) the prosecution failed to disclose exculpatory evidence as required by *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L.Ed.2d 215 (1963), and this failure to disclose influenced the entry of the plea; (3) the plea was not knowingly, voluntarily, and understandingly entered; and (4) the defendant was denied the effective assistance of counsel in connection with the entry of the plea.

*State v. Crowe*, 168 S.W.3d 731, 742 (Tenn. 2005) (footnotes omitted); *see State v. Phelps*, 329 S.W.3d 436, 444 (Tenn. 2010).

Once a defendant enters a guilty plea, the judgment of conviction "becomes final thirty days after acceptance of the plea agreement and imposition of [the] sentence," meaning a defendant "has thirty days within which to . . . [file] a motion to withdraw the previously entered plea pursuant to Rule 32(f)." *State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003). Rule 32(f) does not provide "a criminal defendant who has [pleaded] guilty . . . a unilateral right to later withdraw his plea either before or after sentencing." *Phelps*, 329 S.W.3d at 444; *see Crowe*, 168 S.W.3d at 740; *State v. Mellon*, 118 S.W.3d 340, 345 (Tenn. 2003). "The defendant bears the burden of establishing sufficient grounds for

withdrawing [a] plea." *Phelps*, 329 S.W.3d at 444; *see State v. Turner*, 919 S.W.2d 346, 355 (Tenn. Crim. App. 1995). A trial court's determination regarding a motion to withdraw a guilty plea is reviewed for an abuse of discretion. *Phelps*, 329 S.W.3d at 443. An abuse of discretion occurs when a trial court "applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, . . . applies reasoning that causes an injustice to the complaining party . . . [or] fail[s] to consider the relevant factors provided by higher courts as guidance for determining an issue." *Id*.

The record reflects that the judgment forms in connection with the January 5, 2023 guilty plea hearing were filed on January 9, 2023. As a result, the thirty-day deadline within which to file a motion to withdraw guilty pleas expired on February 8, 2023. *See Green*, 106 S.W.3d at 650; Tenn. R. Crim. P. 32(f)(2) (permitting a motion to withdraw after a sentence is imposed but before the judgment becomes final to prevent a manifest injustice). At that juncture, the trial court lost "jurisdiction to hear and decide a motion to withdraw a guilty plea," and "[a]ny judgments made outside the court's jurisdiction are void." *Green*, 106 S.W.3d at 649 (citing *State v. Peele*, 58 S.W.3d 701, 704 (Tenn. 2001); *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996)). The Defendant filed his motion more than two years later, and the trial court lacked jurisdiction to consider the motion. As a result, the court did not abuse its discretion by summarily denying the Defendant's request to withdraw his guilty pleas. The Defendant is not entitled to relief on this basis.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

**s/ Robert H. Montgomery, Jr.**
ROBERT H. MONTGOMERY, JR., JUDGE